JOSEPH E. COBBEY, PLAINTIFF IN ERROR, v. JAMES R. BURKS, DEFENDANT IN ERROR.

1. **Practice in Supreme Court:** ASSIGNMENT OF ERROR. When on appeal from a judgment of a justice of the peace an appellee answer and go to trial in the district court, he cannot assign it as error that he was required by the court to do so before the time required by law.

2. **Taking Illegal Fees.** Mistake or ignorance without corrupt intent is no defense in an action on the statutory penalty for an officer taking greater fees than are allowed by law.

ERROR to the district court for Gage county. It was an action brought to recover the penalty imposed for taking of illegal fees by Gen. Stat., 385. Comp. Stat., 280.

Plaintiff had judgment, and Cobbey, defendant, then brought the cause up by petition in error.

*Colby & Hazlett* and *Sabin & Smith* for plaintiff in error. A party cannot by contract abridge or sign away his statutory rights. *Curtis v. O'Brien*, 20 Ia., 376. *Gittings v. Baker*, 2 Ohio St., 21. To incur the penalty imposed by statute, the act must be knowingly and corruptly done, whether the statute provides so or not. *Triplett v. Munter*, 50 Cal., 644. *Haynes v. Hall*, 27 Vt., 30. *Graham v. Kibble*, 9 Neb., 182. *Runnells v. Fletcher*, 15 Mass., 525. *Spence v. Thompson*, 11 Ala., 747. 2 Bish. Cr. L., sec. 396. *Dunlap v. Curtis*, 10 Mass., 210.

*Bush & Rickards* and *Ashby & Pemberton* for defendant in error. Defendant waived his rights by going to trial. *Mulhollan v. Scoggins*, 8 Neb., 202., and if he did not, it was error without prejudice. Intention governs in cases *malum in se* only. *Coates v. Wallace*, 17 Sergt. & R., 75. 3 Greenl., Ev., sec. 21. 2 Whart., Ev., sec. 1243.

COBB, J.

The plaintiff in error makes five points against the judgment, which I will examine in their order.

"1. That the court erred in requiring the plaintiff in error—defendant in the lower court—to answer the plaintiff's petition in this action on the 25th of October, 1880, against the defendant's objection and protest, * * * the said case being an appeal case from a justice's court, and the said term of the district court being the first term of said district court after the rendition of the judgment in the justice's court, and the said defendant being entitled to have until the third Monday after the second day of the said

October term of said court in which to file his said answer."

"2.   The court erred in overruling the motion of the defendant for leave to file his answer in said cause on or before the third Monday after the second day of the said October term of said court.   *   *   *   "

"3.   The court erred in finding for the plaintiff in the lower court—defendant in error—when it should have found for the defendant in the lower court— plaintiff in error—in that the evidence showed that the fees taken claimed to have been illegal were not taken intentionally by the defendant knowing them to be illegal, but were taken inadvertently and through mistake of fact by the defendant, under the belief that the defendant was entitled to them, and that the amount claimed to be an illegal excess was refunded before the suit was brought."

"4.   That the court erred in finding and entering judgment for the plaintiff in the lower court—defendant in error—as there was no evidence to sustain the same.   The evidence not showing that any illegal fees were taken."

"5.   The court erred in finding and giving judgment for the plaintiff and against the defendant in the lower court, in that the evidence shows that the fees taken by the defendant, and claimed to be illegal, and in excess of those allowed by the statute, were less than provided for by statute.   The transcript charged for by defendant contained 2263 words, for which defendant was entitled to receive $2.26, and for the certificate and seal thereto, twenty-five cents, and for the entering and filing thereof on the record, ten cents, making $2.61, while only $2.50 was received therefor, and seventy-five cents thereof was refunded before suit was brought."

As to the first and second points, had the plaintiff

in error stood upon his rights as he seems now to understand them, and refused to answer or go to trial, except within the rule day as provided by law, it would probably have been error on the part of the district court to have defaulted him before that time, notwithstanding his stipulation entered into in the justice's court.    But he did not choose to stand upon his rights in that respect, for it appears by the record that on the 25th day of October, 1880, he filed his answer in the said cause, waived a jury, and proceeded to trial to the court.    It is true that it appears from the bill of exceptions that on the 23d day of said October, the court made an order requiring plaintiff in error to answer on or before the 25th of said month, and denied his application for leave to answer on or before the third Monday after the second day of said term.    If this was error on the part of the district court, the plaintiff in error had the way open to him, to either stand upon his rights, and upon a judgment being rendered against him on his failure to comply with such assumed erroneous order, or to waive such error by a compliance with its terms.    I do not think that he could take the chance of going to trial at that term and still preserve the error, if error it was, for the purpose of obtaining a new trial in case of his defeat. Certainly not, when it appears from the whole case as it does here that the defendant was as well prepared for trial at that time as he ever could be.

The third point presents the question, whether the good faith of the defendant in demanding and receiving fees in excess of those allowed by law for the services rendered constitutes a defense to the action. Having examined the numerous cases cited to this point, I find but little ground for varying the plain and obvious language of the section of the statute, which provides that, "If any officer whatever, whose fees are

hereinbefore expressed and limited, shall take greater fees than are so hereinbefore limited and expressed, for any service to be done by him in his office, * * * such officer shall forfeit and pay to the party injured fifty dollars, to be recovered as debts of the same amount are recovered by law." · In some of the states, to whose cases we are cited, the language of the statute is materially different from that above quoted. That of Massachusetts is, " that if any person shall wilfully and corruptly demand and receive any greater fee or fees," etc. While in an action under such statute it is obvious that proof of good faith on the part of the defendant would constitute a defense to the action, yet, it is equally clear that a decision thereunder furnishes no key to a proper construction of our own statute. In criminal prosecutions for extortion at common law the *mala fides* of the act is the very essence of the offense; yet cases of that kind furnish no authority applicable to a suit for the penalty imposed by our statute. Of such character are the citations to Bishop's Criminal Law, etc.

The provisions of the statute of Pennsylvania were similar to those of our own. Under it, in a case exactly in point, the supreme court of that state used the following language: "The penalty imposed by this act may be incurred by exacting fees, which `are supposed at the time to be legally demandable. By the very words of the prohibitory clause the *taking* is the gist of the offence. Ignorance of the law will not excuse in any case; and this principle is applicable, and with irresistible force, to the case of an officer selected for his capacity, and in whom ignorance is unpardonable. The very acceptance of the office carries with it an assertion of a sufficient share of intelligence to enable the party to follow a guide provided for him, with an unusual attention, clearness, and precision. On

any other principle a conviction would seldom take place even in cases of the most flagrant abuse; for pretexts would never be wanting. Sound policy, therefore, requires that the officer should be held to act at his peril; and we are of the opinion that the absence of a corrupt motive, or the existence of an agreement by the party injured, furnishes no justification for doing what the law forbids." *Coates v. Wallace*, 17 Sergt. & Rawle, 75.

I think the rule is correctly laid down by Greenleaf in the following language: "But where the statute commands that an act be done or omitted, which, in the absence of such statute, might have been done or omitted without culpability, ignorance of the fact, or state of things contemplated by the statute, it seems will not excuse its violation. Thus, for example, where the law enacts the forfeiture of a ship, having smuggled goods on board, and such goods are secreted (on board) by some of the crew, the owner and officers being alike innocent by ignorance of the fact, yet the forfeiture is incurred notwithstanding their ignorance. Such is the case in regard to many other fiscal, police, and other laws and regulations, for the mere violation of which, irrespective of the motives or knowledge of the party, certain penalties are enacted; for the law, in these cases, seems to bind the party to know the facts, and to obey the law at his peril." 3d Greenleaf on Evidence, section 21.

Upon the 4th and fifth points, having examined the evidence and inspected the certified copy of the record for which the alleged excessive fees were taken, I cannot say that there was error in the finding or judgment. The witness, Pettinger, called by the defendant, testified that there were one thousand eight hundred and sixty-eight words in the transcript. This at ten cents per hundred words would amount to one dollar and

eighty-seven cents. Add twenty-five cents for the certificate and seal, and it amounts to two dollars and twelve cents. My own estimate from an inspection would make it some fourteen cents less, but in either case I fail to find sufficient ground for an impeachment of the finding.

There was some evidence of an attempt on the part of the defendant to refund the excessive fees, but such evidence must have been deemed insufficient by the trial court, in which view I think it is justified.

The above considerations lead me to the conclusion that the judgment of the district court must be affirmed.

JUDGMENT AFFIRMED.