R. S. DELZELL, Appellee, v. BURLINGTON, CEDAR RAPIDS & NORTHERN RAILWAY COMPANY, Appellant.

Justices' Courts: JURISDICTION: TITLE TO REAL ESTATE: PLEADING AND PRACTICE.   Where, in an action before a justice of the peace against a railroad company for damages to growing timber from a fire set out by the defendant, the plaintiff's petition alleged ownership of the land, *held*, that the question of the plaintiff's title to said real estate could not be raised by demurrer; and if raised by answer, the cause should be transferred to the district court for trial.   Such an issue presents no ground for the dismissal of the case by the justice for want of jurisdiction.

*Appeal from Louisa District Court.*—HON. DAVID RYAN, Judge.

WEDNESDAY, OCTOBER 11, 1893.

Action at law to recover the value of certain grow-ing timber alleged to have been destroyed by fire set out by the trains upon the defendant's railroad. The action was originally tried before a justice of the peace, and a judgment was rendered for the plaintiff. The defendant removed the cause to the district court, where the judgment of the justice of the peace was affirmed. The defendant appeals.—*Affirmed.*

*J. C. Leonard* and *S. K. Tracy*, for appellant.

*F. Courts*, for appellee.

Rothrock, J.—The amount in controversy in the action is forty dollars, and the case comes to this court upon a certificate of the trial judge that the cause involves new questions of law upon which it is desirable to have the opinion of this court. The following is a copy of the questions certified:

"*First.* Does plaintiff, claiming title and owner-ship of real estate [describing same] in his petition, and asking forty dollars for injury thereto by defend-ant, in a justice's court, tender an issue and make a case under article 11, section 1, of the constitution of the state of Iowa, where the question of title to real estate may arise?

"*Second.* Plaintiff claiming the title and ownership to real estate, and asking judgment for injury thereto in a justice's court, in his petition, must the defendant transfer said claim and issue so tendered by the plain-tiff to the district court, or can he raise the question of the jurisdiction of the said justice by demurrer, and, when overruled, then, after denying plaintiff's title and ownership of said real estate and injury thereto by answer, move to dismiss, no affidavit being filed as provided by section 3535, Code of Iowa, for the reason that said justice has no jurisdiction under the constitu-

tion to try and determine the subject-matter at issue?

"*Third.* Was it plaintiff's or defendant's duty, where plaintiff by petition claimed title and ownership and injury to real estate, and defendant by answer denies said title, ownership, and injury to said real estate, and moved to dismiss, as the court had no jurisdiction, to move to transfer said cause to the district court?

"*Fourth.* Was it the duty of the justice, F. F. Curran, to dismiss said cause for want of jurisdiction, plaintiff claiming in his petition title and ownership to real estate, and injury thereto in the sum of forty dollars, defendant denying that plaintiff was owner or had title to said real estate, and moving to dismiss for want of jurisdiction, neither plaintiff nor defendant moving to transfer said cause to the district court?"

Counsel for the appellant appear to be of opinion that these questions present a grave constitutional question. We think no such question is presented. Of course, it is not to be supposed that anyone would claim that a justice of the peace can try the title to real estate. If a railway train sets out a fire by which timber land is injured, and an action is brought by the owner of the land before a justice of the peace to recover damages, the action may be maintained and tried, unless the defendant tenders an issue involving the title to the land, in the manner required by law. Section 3535 of the Code is as follows: "If the title to real property be put in issue by the pleadings supported by affidavit, or shall manifestly appear from the proof on the trial of the issue, the justice shall without further proceedings certify the cause and papers, with transcript of his docket showing the reason of such transfer, to the circuit (district) court, where the same shall be tried on its merits." Instead of answering the petition, the defendant demurred thereto. The effect of a demurrer is to admit the facts pleaded, and con-

trovert their legal sufficiency. The demurrer, therefore, admitted that the plaintiff was the owner of the land, and tendered no issue on that question. It was properly overruled. The answer put in issue the ownership of land, and the defendant demanded that the action be dismissed. The record shows that a written motion was actually filed by the defendant demanding a dismissal, and a judgment against the plaintiff for costs. This motion was properly overruled for two reasons: First, because the defendant did not take issue upon the ownership of the land by a pleading supported by affidavit, as required by the section of the statute above cited; and, second, because no motion was made to transfer the cause to the district court. There can be no possible state of facts which authorizes a justice of the peace to dismiss the action on the ground that it involves the title to real estate. The idea that some method of practice other than that prescribed by law may be pursued before a justice of the peace is a mistaken notion.

These observations dispose of all the questions certified, and lead to the conclusion that the district court rightly held that the methods and rulings of the justice of the peace were not erroneous. AFFIRMED.