HIRAM BOYES v. WILLIAM R. SUMMERS ET AL.

FILED NOVEMBER 8, 1895. No. 5257.

1. **Manner of Presenting Constitutionality of Statute.** When this court is asked to declare a statute unconstitutional, the particular section of the constitution which it is claimed the law infringes should be pointed out in the brief filed.

2. **Chattel Mortgages:** METHODS OF SATISFYING LIENS OF RECORD. By section 15, chapter 32, Compiled Statutes, two modes are prescribed for discharging chattel mortgages, viz.: By an entry by the mortgagee, his agent or assignee, on the margin of the index, duly attested by the county clerk; and by the county clerk, when authorized so to do by a written order signed by the mortgagee and attested by a justice of the peace, or some officer having a seal.

3. ———: ———. An order to the county clerk to release a mortgage is invalid, as a release, unless attested as above stated.

4. ———: FAILURE TO ENTER SATISFACTION: PENALTY. Under section 15, chapter 32, Compiled Statutes, a mortgagee is liable for the damages therein specified for failure to satisfy of record a chattel mortgage within the period therein named, after demand and the payment of mortgage debt, whether the mortgagee acted in good faith or not, or whatever may have been the motives of such mortgagee. A mere mistake or ignorance, without .a corrupt intent, is no defense to such an action.

Error from the district court of Garfield county. Tried below before Harrison, J.

*Coffin & Stone,* for plaintiff in error.

*Clements Bros., Charles A. Munn,* and *John H. Evans,* contra·

Norval, C. J.

This is an action by William R. Summers and Albert B. Summers, partners doing business under the firm name of Summers Bros., against Hiram Boyes, under the provisions of section 15, chapter 32, Compiled Statutes, to recover the sum of $50 for failure to discharge a chattel mortgage. From a verdict and judgment in favor of the plaintiffs for the above amount, defendant prosecutes error to this court.

At the commencement of the trial the defendant objected to the introduction of any evidence, on the ground that the petition did not state a cause of action. By the objection it was intended to raise the constitutionality of said section 15, and, doubtless, the validity of said law might be brought to the attention of the court in that mode. The only reference made in the brief of plaintiff in error to the validity of the statute, or to the ruling upon the objection taken in the court below to the sufficiency of the petition, is the following paragraph: "This, as we understand, was intended by counsel who tried the case for defendant in the court below to raise the question of the constitutionality of the law under which plaintiff was seeking a recovery. We submit the same upon that theory." The foregoing is insufficient to call our attention to the particular constitutional provision which it is claimed the law in question contravenes. The constitution of this state contains eighteen articles, each of which, except the second, fourth, and twelfth, is composed of several sections.

Whether the statute authorizing the recovery by the mort-
gagor of a fixed sum for the failure of a mortgagee to re-
lease of record a chattel mortgage after the debt thereby
secured has been paid is repugnant to some provision of
the bill of rights, the article in the fundamental law relat-
ing to suffrage, the one upon the subject of education, or
some one of the sections of article 3 restricting the powers
of the legislature in the mode of enacting laws, we are left
solely to conjecture. The constitution of Nebraska is too
lengthy for us to attempt to review and consider all of its
provisions in a single opinion, and counsel having failed to
point out the particular section thereof which it is claimed
the law infringes, we will dismiss the subject without con-
sideration.

The first assignment of error is as follows: "The court
erred in giving paragraphs 1, 2, 3, and 3½ of the instruc-
tions." The only criticism made in the brief is upon the
second instruction given by the court on its own motion.
No exception was taken in the court below to the instruc-
tion numbered 1, nor was the giving thereof assigned as
error in the motion for a new trial. Besides, it merely,
and, we think very fairly, stated to the jury the issues to
be tried as presented by the pleadings. There being no
reversible error in the giving of one of the instructions
included in the group covered by the first assignment, we
very properly might, under the decisions of this court, de-
cline to consider the second instruction. We are, however,
satisfied that it is free from criticism. It is as follows:
"You are instructed that the laws of this state provide
that a chattel mortgage, when satisfied, shall be discharged
by an entry by the mortgagee, his agent or assignee, on the
margin of a book or index in which the filing of the
mortgage has been entered as provided by law, such dis-
charge to be attested by the clerk. It is also provided that
the county clerk may discharge a mortgage on the presen-
tation or receipt of an order in writing, signed by the mort-

gagee thereof, and attested by a justice of the peace or some officer with a seal; and it is further provided that any mortgagee, assignee, or their legal personal representatives, after full performance of the conditions of the mortgage, who for the space of ten (10) days after being requested shall refuse or neglect to discharge the same as provided in this section, shall be liable to the mortgagor, his heirs or assigns, in the sum of fifty (50) dollars damages; and also for all actual damages sustained by the mortgagor, occasioned by such neglect or refusal, said damages to be recovered in the proper action." This instruction, in every material respect, is a literal copy of the section of the statute under which this action is brought (Comp. Stats., ch. 32, sec. 15), and therefore it cannot be claimed to be incorrect as an abstract proposition of law. It is argued that the portion of the instruction relating to the recovery of actual damages for the failure to release a mortgage should not have been given, since the action is to recover the fixed statutory damages alone. A sufficient answer to this contention is that the instruction did not tell the jury that such damages were recoverable in this suit; but by the third instruction the jury, in express terms, were directed, in case they found a verdict for the plaintiffs, to assess their damages at $50, the sum named in the statute. The defendant could not have been prejudiced by the instruction of which complaint is made, nor did any injury in fact result therefrom, since statutory damages alone were allowed by the jury. Instructions are to be considered as a whole.

The next assignment is that the court erred in giving instruction No. 1 asked by the plaintiffs, which reads thus: "If you find from the evidence in this case that the release claimed to have been executed by Hiram Boyes, the defendant in this case, was signed by the defendant Hiram Boyes, but was not attested by a justice of the peace or some officer with a seal, then and in that case you are in-

structed that the receipt would not have authorized the
county clerk to have released the mortgage in question and
would not have been a valid release under the statutes of
the state of Nebraska." In the brief filed we are not in-
formed in what particular the foregoing charge is claimed
to be faulty, nor have we, after a careful scrutiny of the
language employed, been able to discover wherein it is er-
roneous. By section 15, chapter 32, Compiled Statutes,
two modes are prescribed for the releasing of record chattel
mortgages, viz.: One by an entry by the mortgagee, his
agent or assignee, on the margin of the index, attested by
the county clerk; and the other by the county clerk, when
authorized so to do by an order in writing, signed by the
mortgagee and attested by a justice of the peace or some
officer having a seal. It was by the last method that it
was insisted on the trial the mortgage had been discharged,
and the rule laid down by the court in the instruction is in
line with the statute, as well as applicable to the evidence
in the case.

The third assignment is predicated upon the refusal of
the court to give the defendant's first and fifth requests.
The refusal of said requests is not available to the plaintiff
in error, for the reason no complaint of the action of the
court in that regard was made in the motion for a new
trial. (*Cleveland Paper Co. v. Banks*, 15 Neb., 23; *Hast-
ings & G. I. R. Co. v. Ingalls*, 15 Neb., 123.)

The next assignment, that the court erred in overruling
the motion for a new trial, is unavailing, since it is too in-
definite, the motion being based upon several grounds.
(*Glaze v. Parcel*, 40 Neb., 732; *Sigler v. McConnell*, 45
Neb., 598.)

The assignments of error relating to the decisions of the
court upon the admission and exclusion of testimony will
not be considered, for the reason no particular ruling of the
trial court is especially pointed out in the petition in error,
the assignments therein being: "Errors of law occurring at

the trial duly excepted to at the time by plaintiff in error," and "The court erred in receiving certain evidence offered by the plaintiffs over the objection of the defendant, duly excepted to at the time, and which more fully appears from the evidence." These assignments are too general to present any question for review. (*Lowe v. City of Omaha*, 33 Neb., 587, and cases there cited.)

The remaining assignment to be considered presents the question of the sufficiency of the evidence to sustain the verdict of the jury. On the 22d day of May, 1888, defendants in error executed and delivered to plaintiff in error a chattel mortgage upon certain personal property, to secure the payment of $20 in thirty days. The indebtedness was fully paid to Boyes at maturity, by Albert B. Summers, one of the plaintiffs below. There is also evidence tending to show that twice during the month of July, following the payment of the mortgage indebtedness, demand was made upon the plaintiff in error that he release and discharge the mortgage of record. It is also disclosed that at the time the note was paid off Mr. Boyes executed in writing and delivered to A. B. Summers an order directed to the county clerk requesting that he surrender the mortgage to defendants in error and cancel the same of record. This order, however, was not attested by any officer; therefore, under the statute, it was of no validity whatever. This is too plain to admit of argument. It is insisted that plaintiff in error acted in good faith in the matter, and that his refusal to satisfy the mortgage of record was not wanton and oppressive, hence there can be no recovery. Admitting the premises to be true, the conclusion drawn therefrom does not necessarily follow, although there are authorities in other states which support the construction of the statute for which plaintiff in error contends. Mr. Boyes is not only presumed, but is bound, to know that the law required that the order which he gave requesting the county clerk to satisfy the mortgage must be attested by either a

justice of the peace or some officer with a seal of office. A mistake of law excuses no one. So, too, the fact that Mr. Boyes acted in good faith, relying upon the fact that the plaintiffs below had accepted the order, and had not returned the same to him as being invalid, is no justification. This court has held, in an action against an officer to recover the penalty imposed by statute for exacting illegal fees, that a mere mistake or ignorance, without a corrupt intent, is no defense (*Cobbey v. Burks*, 11 Neb., 157; *Phœnix Ins. Co. v. Bohman*, 28 Neb., 253); and in *Clearwater Bank v. Kurkonski*, 45 Neb., 1, it was ruled that the entry of satisfaction of a chattel mortgage after the period fixed by law will not defeat an action to recover the statutory damages. By the statute relating to the release of chattel mortgages, the action therein provided for accrues by the mere failure to satisfy the mortgage within a certain time after payment and demand is made, whether the mortgagee acted in good faith or not, or whatever may have been the motives of the mortgagee. Upon principle, we must hold that the plaintiff in error has no defense to the action. This conclusion is in harmony with our decisions in analogous cases. The judgment is

AFFIRMED.

HARRISON, J., took no part in the decision.