Argued 31 January, 1899; decided 27 March, 1899.

### MALARKEY *v.* O'LEARY.

[56 Pac. 521.]

1. JURISDICTION OF JUSTICES OF THE PEACE—REAL PROPERTY ACTIONS.—
   Under Hill's Ann. Laws, ?\ 909, subd. 1, providing that the jurisdiction of a
   justice's court shall not extend to an action in which the title to real property
   is in question, and section 2081, which provides that if it appear, "from the
   evidence of either party, that the title to lands is in question, which title
   shall be disputed by the other party," the case shall be certified to the circuit
   court, the justice does not lose jurisdiction of an action over which he other-
   wise has jurisdiction because the pleadings make an issue of title to realty.
   That result is accomplished only when it appears on the trial from the evi-
   dence that the title to land is actually contested: *Sweek* v. *Galbreath,* 11 Or.
   516, cited.

2. PENALTY FOR FAILURE TO DISCHARGE MORTGAGE.—It is no defense in an action for a penalty under Hill's Ann. Laws, § 3034, for refusal or neglect to discharge a mortgage, that the mortgagor is indebted to the mortgagee outside of the mortgage debt.

3. IDEM.—Attorney's fees incurred in the preparation for foreclosure proceedings are not "reasonable charges" within Hill's Ann. Laws, § 3034, prescribing a penalty for the neglect or refusal of a mortgagee upon request to discharge a mortgage after performance of the condition and tender of his "reasonable charges;" by that term the statute contemplates only such charges as may reasonably be incurred in the matter of the discharge of the mortgage.

4. IDEM.—The fact that a mortgagee acted in good faith in refusing to discharge a mortgage after payment, under the honest belief that he need not do so until.payment of expenses incurred in preparation for foreclosure proceedings, does not relieve him from liability for the penalty provided by Hill's Ann. Laws, § 3034.

From Multnomah : ALFRED F. SEARS JR., Judge.

This action was brought in a justice's court by James A. Malarkey against Charles M. O'Leary to recover the penalty provided in Section 3034, Hill's Ann. Laws, for the refusal of a mortgagee to discharge a mortgage. The complaint avers, in substance, that on February 8, 1895, one William C. Holman, who was the owner of certain real estate in Portland, mortgaged the same to the defendant to secure the payment of a promissory note for the sum of $200, due ninety days after date ; that on October 16, 1895, Holman, by warranty deed, transferred and conveyed the mortgaged property to plaintiff, who ever since has been, and now is, the owner thereof ; that, contemporaneous with such conveyance, and as a part of the same transaction, the plaintiff paid to the defendant the amount due on the note referred to, and it was canceled and delivered up to him, and all the conditions of the mortgage fully performed and complied with ; that on the twenty-fifth of March, 1896, the plaintiff requested the defendant to discharge the mortgage, or execute and acknowledge a release thereof, offering to pay all costs and charges therefor, but the defendant refused to comply with such request. A demurrer for want of juris-

diction having been overruled, the defendant answered, admitting the execution and delivery of the note and mortgage as alleged in the complaint, the subsequent payment and satisfaction of the note, and compliance with the terms and conditions of the mortgage, but denying upon information and belief the alleged title of Holman and the plaintiff to the mortgaged premises, and for a further and separate defense alleged that at their maturity the defendant placed the note and mortgage in the hands of his attorneys for foreclosure; that, in making preparation for that purpose, they performed work and services of the reasonable value of $10, which Holman agreed to pay if defendant would postpone foreclosure proceedings for a time; that, relying upon this promise and agreement, the defendant refrained from instituting such proceedings, but Holman has not paid said sum, or any part thereof, and it is still due and owing to the defendant. The plaintiff demurred to the new matter in the answer, on the ground that it did not state facts sufficient to constitute a defense to the cause of action set forth in the complaint, and at the same time moved to strike out certain denials. The motion was overruled, and the demurrer sustained. Thereafter the cause was tried by the justice, and a judgment rendered in favor of the plaintiff for the amount demanded, besides costs and disbursements. From this judgment the defendant appealed to the circuit court, where the ruling of the justice court upon the motion and demurrer was sustained. Upon the trial in the latter court, the defendant objected to the admission of any evidence tending to show that the plaintiff had purchased or acquired the title to the mortgaged premises, on the ground that the question of title to real property was involved, and therefore the justice's court had no jurisdiction. This objection was overruled, and defendant excepted. The trial thereafter

proceeded, resulting in a judgment againt the defendant, from which he appeals to this court, and insists that neither the justice's nor the circuit court had jurisdiction of the case, for the reason that the title to real property was in issue, and that the court erred in sustaining the demurrer to the separate defense set up in the defendant's answer.

Affirmed.

For appellant there was a brief over the names of *O'Neil & Thompson*, and *C. H. Meusdorffer Jr.*, with an oral argument by *Mr. Mark O'Neil*.

For respondent there was a brief and an oral argument by *Messrs. Schuyler C. Spencer* and *Daniel J. Malarkey*.

Mr. Justice Bean, after stating the facts, delivered the opinion of the court.

1.  The claim of want of jurisdiction is founded on subdivision 1 of section 909 of the statute (Hill's Ann. Laws), which provides that the jurisdiction of a justice's court shall not extend "to an action in which the title to real property shall come in question;" and the contention is that when, in an action in such court, the title to real property is put in issue by the pleadings, the justice is necessarily ousted of jurisdiction, and a judgment thereafter rendered is void, and that jurisdiction cannot be acquired by an appellate court upon an appeal therefrom, but we are unable to concur in this position. Section 2081, Hill's Ann. Laws, furnishes the rule by which it shall be determined when the title to real property "comes in question" in a civil action in a justice's court, and points out the method of procedure in such case, by providing that "if it appear on the trial of any cause before a justice of the peace, from the evidence of either

party, that the title to lands is in question, which title shall be disputed by the other party, the justice shall immediately make an entry thereof in his docket and cease all further proceedings in the cause, and shall certify and return to the circuit court of the county a transcript of all the entries made in his docket relating to the case, together with all the process and other papers relating to the action, in the same manner and within the same time as upon an appeal; and thereupon the circuit court shall proceed in the cause to final judgment and execution in the same manner as if the said action had been originally commenced therein, and costs shall abide the event of the suit.'' It is obvious that the several provisions of the statute concerning the jurisdiction of a justice's court were enacted with the common purpose of prohibiting such courts from trying actions in which the title to real property is in fact in question; but a mere issue of title made by the pleadings is not of itself sufficient, under the statute, to oust the court of jurisdiction. It must appear, from the evidence as offered or given on the trial, that the title to land is in fact in question, and is disputed by the other party. An issue of title may be made by the answer, and afterwards waived, and no evidence offered or given upon the subject whatever. In such case the question of title could not in any sense come in issue, or be determined by the justice. Under the statute a justice not only has the right, but it is his duty, to enter upon the trial of a cause over which he otherwise has jurisdiction, notwithstanding an issue of title made by the pleadings, and, unless it appears at the trial, from the evidence, that the title to land is actually in dispute, to proceed and try the case out and render judgment.

This is the construction given to similar statutes by

34 OR.—32.

the courts of other states, and is manifestly the object and purpose of the act of 1885 : *Sweek* v. *Galbreath*, 11 Or. 516 (6 Pac. 220). The Constitution of the State of Minnesota provides that "no justice of the peace shall have jurisdiction in any case involving the title to real estate," and it was held in *Goenen* v. *Schroeder*, 8 Minn. 387, under a statute almost identical in language with our section 2081, that, even when the issue tendered by the answer in an action in a justice's court is one of title, an appellate court could not say the justice acted beyond his jurisdiction, unless it was shown from the record that the title came in question on the evidence at the trial. In *Delzell* v. *Railway Co.*, 89 Iowa, 208 (56 N. W. 433), under a statute providing that, if the title to real property be put in issue by the pleading, supported by affidavit, the justice shall certify the case up to the circuit court, it was held that an answer putting title in issue, if not supported by affidavit, would not oust the justice of jurisdiction, notwithstanding a constitutional provision that a justice's court should not have jurisdiction where title to real property came in question. To the same general effect are *Melloh* v. *Demott*, 79 Ind. 502 ; *Maxam* v. *Wood*, 4 Blackf. 297 ; *Rogers* v. *Perdue*, 7 Blackf. 302 ; *State* v. *Cotton*, 29 Minn. 187 (12 N. W. 529); *Radley* v. *O'Leary*, 36 Minn. 173 (30 N. W. 457). It follows from this rule, that before it can be held that a justice's court was without jurisdiction, upon the grounds suggested, it must be shown that it appeared on the trial in such court, from the evidence, that the title to land was in question. The record does not show that any such evidence was offered or given, or that the title came in question in the justice's court, or that any objection was made to proceeding with the cause on that account. We are of the opinion, therefore, that the circuit court

did not err in ruling and holding that the justice's court
had jurisdiction to render the judgment from which the
appeal was taken.

2.   The remaining question is whether the new matter
set up in the answer constituted a defense.   The statute
under which the action was brought reads as follows :
"If any mortgagee, or his personal representative or as-
signee, as the case may be, after full performance of the
conditions of the mortgage, whether before or after a
breach thereof, shall for the space of ten days after be-
ing thereto requested, and after tender of his reasonable
charges, refuse or neglect to discharge the same as pro-
vided in this title, or to execute and acknowledge a cer-
tificate of discharge or release thereof, he shall be liable
to the mortgagor, his heirs or assigns, in the sum of
$100 damages, and also for all actual damages occasioned
by such neglect or refusal, to be recovered in an action
at law :"   Hill's Ann. Laws, § 3034.   Under this section
a mortgagor, his personal representative, or assignee, is
entitled to have the mortgage satisfied within the time
specified, after full performance of its conditions and
tender of his reasonable charges.   The complaint alleges
payment of the mortgage debt, cancellation and sur-
render of the note, and performance of the conditions
of the mortgage.   None of these allegations are denied
by the answer.   Nor is it claimed that the payment of
the amount referred to therein is a condition of the mort-
gage or secured by it.   The conditions of the mortgage
having been admittedly performed, the mortgagor or his
assigns had a right to its discharge of record, and the
purpose of the statute is to quicken the diligence of a
mortgagee in this regard.   An unsatisfied mortgage of
record is constructive notice of the existence of a debt,
and necessarily tends to injuriously affect the pecuniary
standing and credit of the mortgagor.   When it is paid,

the statute has provided for its satisfaction on the record, so that the fact of payment may be known to the world. The reasonableness of the requirement is apparent. To insure its observance, the mortgagee is required to acknowledge the satisfaction of a mortgage, when paid, in as public a manner as the mortgagor had acknowledged its existence, or suffer the statutory penalty. And it is no defense that the mortgagor may be otherwise indebted to the mortgagee.

3. It is also claimed by the defendant that the "reasonable charges" contemplated by the statute would include attorney's fees incurred in the preparation for foreclosure proceedings ; but the statute manifestly contemplates only such charges as may reasonably be incurred in the matter of the discharge of the mortgage : *Collar* v. *Harrison*, 30 Mich. 66.

4. He also claims that the answer is sufficient, because it shows that the defendant was acting in good faith and under an honest belief that he was not required to satisfy the mortgage until the payment of the sum mentioned in the answer. But his good faith is no defense. Although the statute is penal in its character, the good faith of the mortgagee in refusing to cancel a mortgage of record will constitute no defense to an action brought to recover the penalty provided for in the statute, after the terms and conditions of the mortgage have admittedly been complied with : *Boyes* v. *Summers*, 46 Neb. 308 (64 N. W. 1066); *Shields* v. *Klopf*, 70 Wis. 69 (35 N. W. 284). Where there is an honest dispute between the mortgagor and mortgagee as to the amount due on the mortgage, or as to whether its terms and conditions have been fully complied with; it may be that a court would refuse to enforce the penalty, if it should appear that the mortgagee was acting in good faith in refusing to satisfy the mortgage, although its terms and condi-

tions had in fact been fully complied with : *Canfield* v. *Conkling*, 41 Mich. 371 (2 N. W. 191). But no such question is involved in this case, because the pleadings admit, and it is conceded throughout, that the mortgage debt had been paid, and the terms and conditions of the mortgage complied with, and that the defendant refused and neglected to discharge the mortgage for the space of more than ten days after he had been requested to do so. We conclude that the new matter in the answer constituted no defense to the action, and that the court committed no error in sustaining the demurrer thereto. It follows that the judgment of the court below must be affirmed, and it is so ordered.

AFFIRMED.

Decided 10 April, 1899.