Argued March 24, decided April 26, 1910.

## GERMAN EVANGELICAL CHURCH *v.* SCHINDLER.

[108 Pac. 178.]

JUSTICES OF THE PEACE—JURISDICTION—QUESTIONS INVOLVING TITLE TO REAL PROPERTY.

Under Section 2218, B. & C. Comp., providing that if it appear on the trial of a cause before a justice of the peace, from the evidence or the pleading, that the title to real property is in question, the justice

shall make an entry thereof in his docket and certify the cause to the circuit court. Where the complaint in forcible entry and detainer alleged that plaintiff was the owner in fee simple of the premises and entitled to possession, which the answer denied, the pleadings showed that the title to real property was in question and the justice was without jurisdiction to try the cause.

From Marion: GEORGE H. BURNETT, Judge.

Statement by MR. JUSTICE EAKIN.

This is an action of forcible entry and detainer brought in the justice court for Salem district, Marion County, Oregon, by the German Evangelical Reformed Bethany Church of Salem, Oregon, a corporation, against Lena Schindler and Frieda Muellhaupt.

In the complaint it is alleged:

"That the plaintiff is the owner in fee simple and entitled to the full and unobstructed possession of the following described premises, to-wit: The west halves of lots Nos. 1 and 2 in block 87 in the city of Salem. * * That the above-named defendants are now wrongfully and unlawfully in possession of the said premises, * * and the said defendants unlawfully hold and retain the possession of the said premises * * with force."

The defendants by their answer "deny generally each and every allegation therein contained," except that they admit occupancy of the premises. The cause was tried upon the evidence in the justice court, and judgment rendered for plaintiff. Defendants appealed to the circuit court, which, upon motion therefor, granted judgment in favor of defendants, and against plaintiff, upon the pleadings. Plaintiff appeals.    AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. John Bayne.*

For respondent there was a brief with oral arguments by *Mr. John W. Reynolds* and *Mr. Alva O. Condit.*

MR. JUSTICE EAKIN delivered the opinion of the court.

The motion for judgment upon the pleadings was properly granted by the circuit court. Section 2218, B. & C.

Comp., being a part of the re-enactment of the Justice Code of 1899, provides that:

"If it appear on the trial of any cause before a justice of the peace from the evidence of either party, or from the pleadings that the title to real property is in question, which title shall be disputed by the other party, the justice shall immediately make an entry thereof in his docket and cease all further proceedings in the cause, and shall certify and return (the cause) to the circuit court."

Prior to the enactment of the statute above quoted, the justice was only ousted of jurisdiction in such a case when it appeared from the evidence that the title to lands was in question. Hill's Code, § 2081; *Malarkey* v. *O'Leary,* 34 Or. 493, 497 (56 Pac. 521.) But Section 2218, B. & C. Comp., which is part of the enactment of 1899, embraced the substance of Section 2080, with the additional provision that, if it appears "from the pleadings" that the title to real property is in question, it shall terminate the jurisdiction of the justice to proceed further with the trial, thus contemplating that the title, when alleged in the complaint, "may be disputed by the other party" by his answer, and in that manner terminate the proceedings in the justice court as effectually as by the evidence.

The complaint alleges that plaintiff is the owner in fee simple of the premises and entitled to possession thereof. The answer denies this allegation, and thus by the pleadings it appears that the title to the real property is in question, an issue which the justice has no jurisdiction to try.

The judgment is affirmed.                    AFFIRMED.

MR. CHIEF JUSTICE MOORE did not sit in this case nor take part in its decision.