WILLIAM D. ARMSTRONG, APPELLANT, V. JAMES M. BATES, APPELLEE.

FILED OCTOBER 17, 1913.    No. 17,334.

1. **Statutes: CONSTITUTIONALITY: APPEAL: BRIEFS.** An attack on the constitutionality of an act of the legislature may be disregarded on appeal, where the particular in which the lawmakers disregarded the constitution and the section violated are not pointed out in appellant's brief.

2. **Taxation: FORECLOSURE OF LIEN: PETITION: DESCRIPTION.** In a petition against a nonresident defendant to foreclose tax liens, a description of two 40-acre tracts as "NW$^4$ SE$^4$ and SW$^4$ NE$^4$" held sufficient as against a collateral attack, where the state, range, county, township and section were definitely stated.

3. **Process: CONSTRUCTIVE SERVICE: AFFIDAVIT.** The purpose of an affidavit for publication of notice to a nonresident defendant is to enable the court to determine whether the action is one in which jurisdiction may be acquired by such notice.

4. ———: ———: NOTICE. Notice to a nonresident defendant, inserted in a weekly newspaper for four consecutive weeks, beginning February 8, 1900, and ending March 1, 1900, is a sufficient publication within the meaning of section 79 of the code, providing that "the publication must be made four consecutive weeks in some newspaper."

APPEAL from the district court for Keya Paha county: JAMES J. HARRINGTON, JUDGE. Affirmed.

Andrew M. Morrissey, Allen G. Fisher and William P. Rooney, for appellant.

Lear & Lear, contra.

Rose, J.

This is a suit to redeem 80 acres of land in Keya Paha county from a tax foreclosure sale and to quiet title in plaintiff. Elizabeth Van Ingen was the holder of the record title February 3, 1900, and for "one dollar and other valuable considerations" deeded the land on June 2, 1908, to Charles P. Bresee, who for a like consideration made a similar conveyance to plaintiff, January 15, 1909. Since September 21, 1900, defendant has been in possession under a sheriff's deed executed in the tax foreclosure case, an action instituted by Keya Paha county against Elizabeth Van Ingen, February 3, 1900. Plaintiff pleads title in himself and the invalidity of the foreclosure under which defendant holds possession. From a judgment denying plaintiff relief and quieting title in defendant, plaintiff appeals.

Plaintiff asserts that the district court was without jurisdiction to entertain the foreclosure suit, because there was no valid statute authorizing such a proceeding, the act under which Keya Paha county proceeded never having been legally enacted. Laws 1881, ch. 75; Comp. St. 1901, ch. 77, art. IV. The particular in which the law-makers disregarded the constitution and the section violated are not pointed out in appellant's brief. The constitutional question may therefore be disregarded. *Boyes v. Summers,* 46 Neb. 308.

Failure to describe in the petition for foreclosure the two 40-acre tracts in controversy is urged as a ground for declaring the tax deed void. Following the name of the county and of the state, the description is: "The NW⁴ SE⁴ and SW⁴ NE⁴ of section 1, in township 32 north of range 22 west of the sixth principal meridian." The state, range, county, township and section are definitely stated. The only question then is: Are the two particular 40-acre tracts in the section mentioned sufficiently described? Does the following designation meet the requirements of the law: "NW⁴ SE⁴ and SW⁴ NE⁴"? In

this state the abbreviation "4" as thus used, or "¼," is understood by taxing officers, by county treasurer and by tax-debtors generally to mean "quarter." The meaning of that abbreviation was made clear in the published notice in which the land was described as "Northwest quarter (nw ¼) of the southeast quarter (se ¼) and the southwest quarter (sw ¼) of the northeast quarter (ne ¼)." The other abbreviations used are also well understood. In a collateral attack on the decree the description will be held sufficient.

There is also an attack on the sufficiency of the affidavit for constructive service in the foreclosure suit. There appear to be two propositions under this head: The nature of the cause of action was not stated, and it was not shown that defendant was absent from the state. The purpose of such an affidavit has been stated as follows: "An affidavit for service by publication is not for the information of the party to be served, but to enable the court to determine whether the action is one in which jurisdiction may be acquired by such service." *Leigh v. Green,* 62 Neb. 344. The affidavit in the present case was made by the county attorney. It contains the names of the parties to the suit and states that a petition to foreclose tax liens against defendant has been filed in the district court. It describes the land on which the taxes are liens and states the amount thereof. It states that the petition contains a prayer that the land described may be decreed to be sold to satisfy such liens. It also contains the following statement: "All of the said defendants are nonresidents of the state of Nebraska and service of summons cannot be made within the state of Nebraska upon either or any of said defendants." Both attacks are unavailing, when the contents and purpose of the affidavit are considered.

Another assignment of error is that the notice of publication was insufficient to comply with section 79 of the code, which provides: "The publication must be made four consecutive weeks in some newspaper." The publisher of the weekly newspaper in which the notice was

inserted made affidavit that it was published "for four consecutive publications, the first publication having been made on the 8th day of February, 1900, and the last on the 1st day of March, 1900." There being nothing in the record to disprove this statement, the publication was sufficient under former holdings. *Burr v. Finch,* 91 Neb. 417. No error having been found, the judgment is

AFFIRMED.

REESE, C. J., LETTON and FAWCETT, JJ., not sitting.