## BLUE v. GREEN.

### First Division. Ketchikan. May 24, 1923.

### No. 592–KA.

**1. Justices of the Peace ⬅36(2)—Courts—Jurisdiction.**

This case was brought before the commissioner and ex officio justice of the peace, alleging that by representations made by defendant, and relied upon by the plaintiff, the plaintiff was induced to enter into a contract of purchase of certain real and personal property described in the complaint; that plaintiff paid part of the purchase price; that the representations made by defendant were false and fraudulent, and the real value of the property was only one-half that represented by the defendant; that plaintiff elected to rescind the sale, and asks judgment for the amount paid to defendant. The case was dismissed by the justice of the peace, because the title to real estate was involved, and the justice court had no jurisdiction. On appeal to the district court, *held*, upon the facts stated, the suit did not involve the title to real estate, but was a suit in assumpsit for money, and the justice had jurisdiction.

**2. Statutes ⬅226—Construction and Operation.**

The general rule is that the construction of a statute by the highest court of a state from which it is taken will ordinarily be followed by the courts in the territory adopting it.

This case is before this court on an appeal from the commissioner's court at Hyder, Alaska, dismissing the action for want of jurisdiction, and is submitted by the parties on that question alone.

The action was brought by appellant Blue against appellee Green before the commissioner acting as ex officio justice of the peace for the Hyder precinct. Upon service of the complaint, defendant appellee moved to dismiss the action for the reason stated—that the title to real estate was involved, and that the justice court did not have jurisdiction to try the case. It appears that the justice of the peace took the same view and dismissed the action. The plaintiff has brought the case in this court on an appeal from the decision of the justice dismissing the action on the ground of lack of jurisdiction. No question has been raised by the defendant as to whether an appeal was a proper remedy for the plaintiff, and in view of the fact that both parties submit to this court the question of jurisdiction of

⬅See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the lower court only, the question of the appeal will not be considered.

Ernest Blue, of Hyder, for appellant.

J. K. Green, of Hyder, for appellee.

REED, District Judge. Section 1535 of the Compiled Laws of Alaska provides that the jurisdiction of justice courts shall not extend .to an action in which the title to real property shall be in question, nor to an action for false imprisonment, libel, slander, malicious prosecution, criminal conversation, seduction upon promise to marry, in actions of an equitable nature, or in admiralty cases.

Section 1803 of the Compiled Laws provides, in effect, that if it appear on the trial of any cause, from the evidence of either party, that the title to lands is in question, which title is disputed by either party, the justice, after entering that fact in his docket, shall cease all proceedings in the case, and shall certify and return to the district court the case and proceedings in the cause, and thereupon the district court will hear and determine the cause as if originally commenced therein.

These sections of the Compiled Laws were taken from the Oregon statutes as they stood prior to the year 1899. In that year the section of the Oregon statutes corresponding to section 1803 of the Compiled Laws was amended so as to read:

"That if it appear on the trial of any cause before a justice of the peace, from the evidence of either party, *or from the pleadings*, that the title to real property is in question, which title shall be disputed by the other party, the justice shall immediately make an entry thereof in his docket and cease all * * * proceedings * * * and certify and return [the cause] to the circuit court." B. & C. Comp. § 2218.

Prior to the enactment of the amended statute, under Oregon decisions justices were ousted of jurisdiction only when it appeared from the evidence that the title to land was in question. Malarkey v. O'Leary, 34 Or. 493–497, 56 P. 521; German Evangelical Church v. Schindler, 56 Or. 247, 108 P. 178.

In the case of Malarkey v. Schindler, referring to the statute prior to the amendment (which statute is in terms the same as ours), through Justice Bean, the court said:

"It is obvious that the several provisions of the statute concerning the jurisdiction of a justice's court were enacted with the common purpose of prohibiting such courts from trying actions in which

the title to real property is in fact in question; but a mere issue of title made by the pleadings is not of itself sufficient under the statute to oust the court of jurisdiction. It must appear, from the evidence as offered or given on the trial, that the title to land is in fact in question, and is disputed by the other party. An issue of title may be made by the answer, and afterwards waived, and no evidence offered or given upon the subject whatever."

Under these statutes a justice not only has the right, but it is his duty, to enter upon the trial of a cause for which he otherwise has jurisdiction, notwithstanding an issue of title is made by the pleadings, and, "unless it appears on the trial from the evidence that the title to land is actually in dispute, to proceed to try the cause out and render judgment."

The court cites a large number of authorities supporting its position from states having similar statutes. The general rule is that the construction of a statute by the highest court of a state from which such statute is taken will ordinarily be followed, and I am of the opinion that the construction given to the statute by the Supreme Court of Oregon is the proper construction, and that it was the duty of the justice to proceed to hear and try the action at bar, and, should the title to lands be disputed in the evidence, it was then, and not until then, his duty to make an entry of the fact in his docket, suspend further proceedings, and certify the cause to the district court for trial. Instead of doing this, the justice dismissed the case, because from the complaint, as it appeared to him, a tender was therein made of an issue as to title to lands. This was evidently an erroneous view of the statute.

The judgment of dismissal, therefore, by the justice on the grounds stated was erroneous; but the defendant in his brief urges that, based on the allegations of the complaint, the cause is an equitable action, and that the justice was without jurisdiction to entertain such an action under the provisions of the second subdivision of section 1535, providing that the jurisdiction of justices of the peace should not extend to actions of an equitable nature. If the plaintiff was thereby seeking equitable relief, then a demurrer could properly be laid before the justice for want of jurisdiction to entertain the action.

The complaint of the plaintiff sets out, in effect, that by representations made by defendant, and relied upon by plaintiff, he, the plaintiff, was induced to enter into a contract of purchase of certain real and personal property described in the com-

7 A.R.—4

plaint, and in pursuance of said contract that he, plaintiff, paid out part of the purchase price; that the representations made by the defendant were false and fraudulent, and that the value of the real property agreed to be sold was not more than one-half that represented by the defendant. The plaintiff then avers that by reason of the misrepresentations and fraud of defendant he has elected to rescind the sale; that he has demanded the amount of money paid by him on the purchase price, but that defendant refuses to repay the same to him; and plaintiff asks judgment for the amount of money paid on such contract.

Where the purchaser of real or personal property seeks relief on a contract on the ground of fraud or misrepresentation, three courses are open to him: He may affirm the contract and sue for damages in an action corresponding to a common-law action of deceit, or he may bring an action to recover in equity, asking rescission of the contract, to the end that both parties thereto may be placed in statu quo. Upon the rescission of a contract of purchase in equity, the measure of recovery is the consideration paid and the money actually expended on account of the purchase price before the fraud was discovered. In an action for deceit and fraud the measure of damages is what the vendor lost. See Smith v. Bolles, 132 U. S. 125, 10 S. Ct. 39, 33 L. Ed. 279. Moreover, in an executory contract for the purchase of property (and in some cases even an executed contract) a further remedy lies: The purchaser, where the seller is unable or unwilling to perform, may rescind the contract so far as further performance on his part is concerned, and sue for the amount paid by him in assumpsit.

In this case there were open to the plaintiff these three courses of action: He might have gone into equity and sued for rescission of the contract; or he might have affirmed the contract and sued for damages for breach of the contract; or he might have disaffirmed the contract and sued for the recovery of the purchase money paid. 39 Cyc. 1999. The plaintiff chose the latter course. No equitable case was made in the complaint. There was no equitable relief sought by the prayer. Nor does the plaintiff affirm the contract and sue for damages for breach thereof. The plaintiff in this action is suing for moneys paid by him on a contract which he alleges he was induced to enter into through misrepresentations and fraud of the defendant; he disaffirms the contract by reason of such misrep-

resentations and fraud. This is an action at law; and it was the duty of the justice court to have entertained such action.

By his appeal the plaintiff has brought the action before this court, and the jurisdiction of this court is attached, and I am of the opinion that this court should retain jurisdiction, and should not return the cause to the justice court for further action.

Inasmuch as the defendant has not been allowed to plead further to the complaint, he will be allowed 30 days from the 1st day of June, 1923, in which to further plead to the complaint now on file in this court.

Let an order be prepared granting such time to defendant to answer.