Argued February 7; affirmed February 20; rehearing
denied March 13, 1945

## FISH *v.* BISHOP ET AL.

(156 P. (2d) 204)

Before BELT, Chief Justice, and ROSSMAN, BAILEY,
LUSK and BRAND, Associate Justices.

*Fred A. Williams,* of Salem, for appellant.

*Rollin K. Page,* of Salem (Page & Page, of Salem, on the brief), for respondents.

LUSK, J.

C. M. Bishop, trustee under the last will and testament of C. P. Bishop, deceased, commenced a forcible entry and detainer action in the justice court for the Salem district, Marion County, Oregon, to recover the possession of certain real property. The complaint alleged, among other things, that "the plainitff is now and at all times herein mentioned has been the owner of the real property hereinafter described." D. A. Fish, the defendant in that action, admitted his possession of the real property in question, but denied that the plaintiff was the owner thereof. Thereupon, the justice of the peace, on motion of the plaintiff, entered an order of voluntary nonsuit.

Fish then filed his petition in the Circuit Court for Marion County for a writ of review, claiming that the justice of the peace was without jurisdiction to enter the order of voluntary nonsuit. The court issued the writ, naming therein as defendants, C. M. Bishop, trustee as aforesaid, and Chris J. Kowitz, justice of the peace, who are the respondents here. On respondents' motion the circuit court entered an order quashing the writ, and from that order this appeal has been taken.

The question presented involves the interpretation of § 28-319, O. C. L. A., which reads:

"If it appear on the trial of any cause before a justice of the peace from the evidence of either party, or from the pleadings, that the title to real property is in question, which title shall be disputed by the other party, the justice shall immediately make an entry thereof in his docket and cease all further proceedings in the cause, and shall certify and return to the circuit court of the county a transcript of all the entries made in his docket relating to the case, together with all the process and other papers relating to the action, in the same manner and within the same time as upon an appeal; and thereupon the circuit court shall proceed in the cause to final judgment and execution, in the same manner as if said action had been originally commenced therein, and disbursements shall abide the event of the action."

■■ It is the position of the appellant (the petitioner in the writ of review) that, under these provisions, as soon as the answer of the defendant disputing plaintiff's title was filed in the forcible entry and detainer action, the jurisdiction of the justice of the peace was ousted for all purposes, including the granting of the motion for a voluntary nonsuit, and that, if the plaintiff in that action desired to abandon it, he could only do so by application to the circuit court after the justice of the peace had certified the cause to that court. If that was the legislative intention it is, of course, the duty of the courts to carry it into effect. But if, by a fair and reasonable interpretation of the words of the statute, a result so nonsensical can be avoided, then it is equally our duty to adopt that interpretation, for, while the procedure which the appellant contends must be followed might excite the admiration, if not the envy, of Dickens' Circumlocution

Office, it is not to be presumed that it has commended itself to the wisdom of the legislative assembly.

"All laws should receive a sensible construction. General terms should be so limited in their application as not to lead to injustice, oppression, or an absurd consequence. It will always therefore be presumed that the Legislature intended exceptions to its language which would avoid results of this character. The reason of the law in such cases should prevail over its letter." *United States v. Kirby,* 74 U. S. 482, 7 Wall. 482, 19 L. ed. 278, 280; *Church of The Holy Trinity v. United States,* 143 U. S. 457, 12 S. Ct. 511, 36 L. ed. 226. See to the same effect, *Schwab v. Moving Picture Operators,* 165 Or. 602, 619, 109 P. (2d) 600; *State v. Gates,* 104 Or. 112, 123, 206 P. 863.

■ Numerous decisions of this court have applied the canon of construction thus stated by Chancellor Kent:

"When the words are not explicit, the intention is to be collected from the context; from the occasion and necessity of the law; from the mischief felt and the remedy in view; and the intention should be taken or presumed according to what is consistent with reason and good discretion." 1 Kent's Comm. (13th ed. 1884) 462.

See *State ex rel. Hood River Hospital v. Employees' Hospital Ass'n.,* 157 Or. 618, 622, 73 P. (2d) 693, and cases there cited. See, also, 2 Sutherland, Statutory Construction (3d ed.) 338, § 4704, 339, § 4706.

Now the obvious purpose of the statute under examination is to secure the removal for trial from the justice's courts to the circuit courts of controversies over the title to real property. As this court said in *German Evangelical Church v. Schindler,* 56 Or. 247, 249, 108 P. 178, "if it appears 'from the pleadings' that the title to real property is in question,

it shall terminate the jurisdiction of the justice to proceed further *with the trial."* (Emphasis added) Unless there is to be a trial, there is no occasion for the removal of the cause.

The statute says that when it appears from the evidence or the pleadings "that the title to real property is in question, which title shall be disputed by the other party, the justice shall immediately make an entry thereof in his docket and cease all further proceedings in the cause". The word "proceeding" is defined in Bouvier's Law Dict., Rawle's Third Rev., p. 2730, as follows:

"In its general acceptation, the form in which actions are to be brought and defended, the manner of intervening in suits, of conducting them, the mode of deciding them, of opposing judgments and of executing."

■ It is said that "in its most comprehensive sense, the term 'proceeding' includes every step taken in a civil action except the pleadings". 34 Words and Phrases (Perm. ed.), Proceeding, 89. See, *Ex parte McGee,* 33 Or. 165, 168, 54 P. 1091. But, like many other terms used in statutes, it "has different meanings, according to the context and the subject to which it relates." 1 C. J., Actions, 941, § 32. See, also, 1 C. J. S., Actions, 954, § 1. *Cleveland C. C. & St. L. Railway Co. v. Berrien,* 187 Mich. 444, 153 N. W. 798, is an instance in which the court, evidently having in mind the purpose of a court rule under construction, held that the word "proceedings" in the rule did not apply to one of the steps taken by a party in the course of a civil litigation.

■ In view of the purpose of the statute and the absurdity that would be the consequence of any other construction, we are of the opinion that the legislature

did not intend the word "proceedings" to embrace the signing by the justice of an order allowing a voluntary nonsuit, but only those steps in the course of the litigation which lead up to and are concerned with the trial of the issues. Before trial, when no counter-claim has been pleaded, the plaintiff has an absolute right to a judgment of voluntary nonsuit. Oregon Laws 1941, Ch. 313; *State v. Pacific Livestock Co.*, 93 Or. 196, 182 P. 828, and cases there cited. We have held that a circuit judge, who has been disqualified by the filing of an affidavit of prejudice was empowered nevertheless to make a valid order of substitution of a party *(Clatsop County v. Taylor,* 167 Or. 563, 119 P. (2d) 285; § 1-501, O. C. L. A.), and a valid order extending the time in which to file a transcript on appeal *(Lovell v. Potts,* 112 Or. 538, 543, 207 P. 1006, 226 P. 1111). Such orders are referred to in the Clatsop County case as "routine orders". Of that kind is the order here in question, for there is no discretion to deny it. And, just as in Lovell v. Potts it was held that the provision of the affidavit of prejudice statute (§ 1-501, O. C. L. A.) that "no judge of a circuit court of the state of Oregon, * * * shall sit to hear or try any suit, action, matter or proceeding when it shall be established * * * that such judge is prejudiced" refers only to the disqualification of the judge to participate in the actual trial of the case, so here we hold that the legislature, when it enacted the statute under consideration, did not intend to withdraw from the justice of the peace the power to sign an order of voluntary nonsuit and thus make it certain that the question of the title to real property in the particular case will never be tried in his court.

For the foregoing reasons the judgment quashing the writ of review is affirmed.