INHABITANTS OF WESTPORT *vs.* COUNTY COMMISSIONERS OF
BRISTOL.

A petition for a highway from a particular place " to a point near the dwelling-house of
A.," on a certain road, is not so indefinite in the description of the terminus as to require
that the proceedings of county commissioners, laying out a highway upon the same,
should be quashed.

County commissioners may lay out a highway at an adjournment of a meeting for that
purpose, of which they have given due notice, without giving a new notice of the ad-
journed meeting.

County commissioners have no authority to order a town to pay damages to an individ-
ual for land taken for a highway.

PETITION for a writ of *certiorari*, to quash the proceedings of
the county commissioners of Bristol in laying out a highway,
upon a petition which prayed for the establishment of one from
a particular place " to a point near the dwelling-house of Pardon
C. Potter," on the road leading from Westport Point to the
town-house in said town, and in allowing " to —— Tripp " the
sum of twenty-five dollars for land of his which was taken for
the purpose, and ordering the petitioners to pay the same to
him.

After adjudicating that the highway was a matter of common
convenience and necessity, the county commissioners gave notice
that they would meet at a certain place on the 31st day of July
1862, and proceed to lay out the highway and appraise the dam-
ages. On that day they met, and all parties interested were
heard ; and on the 8th of the following September, without any
new notice, they laid out the highway, and allowed damages
to Tripp, and ordered the same to be paid, as set forth in the
petition.

Upon these facts, the case was reserved by *Chapman,* J. for
the determination of the whole court.

*T. M. Stetson,* for the petitioners, cited, to the point that the
petition was too indefinite to sustain the proceedings, *Pem-
broke* v. *County Commissioners,* 12 Cush. 356 ; *Danvers* v.
*County Commissioners,* 2 Met. 189 , *Todd* v. *Rome,* 2 Greenl. 55.

*C. I. Reed,* for the respondents.

HOAR, J. 1. We do not think there was any such indefiniteness in the bounds of the road prayed for in the petition, as would require that the proceedings should be quashed. The object of a precise description is to give substantial notice of what is asked and intended to all persons and corporations interested. There is nothing in the case to show that this has not been accomplished.

2. The notices required by the statute were both given: one, before the view and adjudication on the question of common convenience and necessity; and the other, before proceeding to lay out the road. There is nothing in the statute, or in the reason of the thing, to prevent the commissioners from completing the laying out at an adjourned or subsequent meeting, and then entering it of record, the parties in interest having been previously fully heard.

3. The commissioners had no authority to order the town of Westport to pay the damages which they assessed; and a writ of *certiorari* will issue to correct that part of the record only. When the record is before us, that order will be quashed, and instead of it a judgment entered that the damages be paid by the county of Bristol. Gen. Sts. c. 145, § 9; c. 43, § 47.

*Writ of certiorari to issue.*