PHILIP CASEY v. J. KILGORE, *et al.*

1. SECTION-LINE ROAD ACT OF 1872; *General Road Law*. Chapter 181 of the Laws of 1872, being an act declaring section lines in certain counties public highways, did not take away the power to open highways in those counties upon other than section lines, where the public interest required it, or set aside the mode of proceeding to establish and open such highways provided by the general road law of 1868.

2. BOND TO SECURE COSTS; *Misrecital*. A misrecital of one of the *termini* of the proposed road in the bond given in such proceedings to secure the costs and expenses in case the road be not opened, will not, after the road has been established, and ordered opened by the commissioners, avoid the proceedings, or be sufficient error to set them aside.

3. DESCRIPTION OF ROAD, *in Petition, etc.* Proceedings to lay out and establish a road will not be held illegal and void merely because the petition omits to designate whether the road proposed is east or west of any particular meridan.

*Error from Miami District Court.*

CASEY complained of the action of the commissioners and others in laying out and establishing a certain highway, and

sought to have such proceedings set aside and annulled. The district court, at the December, Term 1872, held the proceedings valid, and the road legally established, and adjudged that *Casey* pay the costs in that court. *Casey* brings the record here by petition in error, for review.

*W. R. Wagstaff*, for plaintiff in error:

Look at § 4, page 365, laws of 1872, and interpret the plain and obvious meaning of the legislature in declaring section lines public highways. Under the law when the petition for the road in question was filed with the county board the section line intended to be designated was already a public highway. It is not disputed, that where the law points out a mode of accomplishing anything, that mode and no other must be adopted. In this case, there is a mode pointed out, of changing a road from a section line; the proposed road is nothing more or less than the changing of a road from a section line. While the law of 1872 may not in terms repeal the old road law, yet it provides for a new condition of things, and renders the old law inoperative when in conflict with its designs, purposes, objects and ends. In this case, the county board and the court rejected the mode pointed out by the law in force. The county board and the court find from the papers in the case, that notice was given on the 27th of February, one month prior to the taking effect of the said act of 1872; and also find that the petition was in due form of law governing highways *at the time said proceedings were commenced.* And further find that the proceedings for the location of roads and highways are deemed and held to be commenced by this court when the notice of the filing or intention of filing a petition is made. Are such findings authorized by law? Suppose application had never been made to the board by petition, under § 1 of the general road law: would the board have acquired jurisdiction of the subject-matter stated in the notice? If the board had no jurisdiction, which it had not, then the jurisdiction attaches, and the proceedings are commenced upon filing petition, executing bond

and giving notice. The finding of the court, that "giving of notice" is the commencement of proceedings, before the commissioners, within the meaning of the law, is erroneous.

The bond given in the case is for the location of a road beginning at *north*east corner sec. 20, etc. The road prayed for and ordered located begins at *south*east corner sec. 20, etc. The court finds that the said petitioners have given bond in such cases provided by law. The finding on this point is against the fact as shown by the bond itself. The finding of the court is against the law.

There is another defect apparent. The description of the road as proposed does not show it to be east or west of any particular meridian, nor the county or state in which the proposed road is to be located. To determine this fact, it is necessary to look beyond the record.

The records fail to show that the court found said proposed road to be of public utility. The law appropriating private property for public uses ought to be strictly construed; and under the application of this rule, even the old road law of 1868 has not been complied with, and this without modification by subsequent legislation. The intention of the law of 1872 is to put roads on section lines. It is the duty of the court to carry into effect its intention. When it is made to appear to a court by petition and remonstrance, in a manner provided by law, that an application for a new road is in fact only for the alteration of an established road, it seems the mode pointed out for the alteration should be carried into effect.

*B. F. Simpson*, for defendants in error:

This court will not examine into the merits of the road, but will only examine the record in order to determine the regularity of the proceedings, and to see that the necessary jurisdictional facts appear. *People v. Goodwin*, 5 N. Y., 572. The notice of the application for the road was posted on the 27th of February 1872. This then was the commencement of the proceedings, and it was under the old law. All the

statutes require to be recorded is the report of the viewers, the survey and plat of road; and in the absence of anything else from the record, or the presence of other matter in the record, is not error. General Road Law, Gen. Stat., ch. 89, § 6; 12 Ohio St., 635; 13 Ohio St., 406; 15 Ill., 543; 15 Iowa, 214; 24 Iowa, 363; 26 Iowa, 225.

The opinion of the court was delivered by

BREWER, J.: Proceedings were had before the county commissioners of Miami county under the general road law of 1868, which resulted in the establishment of a road through the land of plaintiff in error. Being as he thought wronged by such proceedings, Casey filed his petition in error in the district court of that county to set them aside. The district court found no error, and affirmed the action of the commissioners. That ruling he now brings to this court on error.

The record of the proceedings before the commissioners is full, and contains the notices, with proof of posting and advertisement, the petition, bond, order, appointing viewers, notice to viewers, notice to plaintiff in error of time and place of meeting of viewers, plaintiff's claim for damages, report of viewers with plat of road, etc., remonstrance of Casey and others, and order of commissioners approving report of viewers, and ordering road established and opened. The principal question presented by counsel for plaintiff in error is as to the effect of chap. 181 of the laws of 1872 upon these proceedings. That act in the first section declares that all section lines in certain counties, among them the county of Miami, are public highways. The second and third sections provide for the contingency of a hedge or other valuable improvement being upon the section line, and the steps that must be then taken to open the road. Section four provides that when it shall be impracticable to open a road on any part of a section line the commissioners shall direct the road-overseer to take three disinterested freeholders and view the part said to be impracticable, and lay the road as near to the section line as practicable. There is

in this act no express repeal of the general road law. So far from it, upon the same day by the same legislature was passed an act amending that law. And waiving the question discussed by counsel as to whether these proceedings were or were not commenced before the law of 1872 took effect, it seems to us there is nothing in that law which in any way militates against their legality and sufficiency. Both the laws may stand. Neither conflicts with the other. Because certain lines are declared to be highways, no restraint is thereby put upon the power to open other roads where the public interest demands it. This is not a case where the maxim, "*expressio unius, exclusio alterius*," applies. The law of 1872 does not purport to cover the whole ground. It is in no sense, even for the counties therein named, a general road law. It simply as to those counties aims to supplement that law. Effect must if possible be given to both enactments. Repeals by implication are not favored. No attempt was made in this case to lay out a road upon the section line or upon the nearest practicable route thereto. It starts at the northeast corner of plaintiff's quarter-section, and ends at the southwest corner of the same quarter, passing in its intermediate course in a very circuitous and zigzag manner through this and an adjacent quarter. The entire proceeding was under the general road law of 1868, and that law remains in full force, so far as anything in this case is concerned, notwithstanding the section-line road law of 1872. It is useless to inquire what effect the latter law would have had if the application had been to open a road upon the section line.

A second objection is, that the bond which was given did not in its description of the road conform to the petition, etc.

2. Bond for costs; misrecital.
The road prayed for and located commenced at the *south*east corner of section 20, etc. The bond referred to a road beginning at the *north*east corner of section 20, etc. This was doubtless a clerical error, and would probably under no circumstances have vitiated the bond, other matters therein showing clearly for what it was given. But even if the bond were fatally defective, that would not now

vitiate the proceedings, for this, like all such bonds, was only conditioned to pay the costs and expenses in case the application for the road *failed*. It did not fail, but was sustained. If the objection had been made pending the proceedings, and the bond had been fatally defective, it might have stayed the proceedings until a sufficient bond had been given. But after the proceedings had terminated successfully, and in the establishing of the road prayed for, the bond ceased to have any value, and became wholly immaterial.

Another objection made is, that "the description of the road as proposed does not show it to be east or west of any particular meridian, nor the county or state in which the

3. Description of road; sufficiency. proposed road is to be located." We think this objection not fully borne out by the record, or at least that there is sufficient description to make clear and certain the location of that road. The petition recites that "your petitioners are all residents of the county of Miami, and along and near the proposed line of said road"—gives the location of the road, as "commencing at the southeast corner of section 20, town 16, range 23," without it is true there giving the county or state, or stating whether the range was "range east," or "range west" of any meridian—states as one of the intermediate points, "the crossing of Rock Falls on Bull creek," and as the *terminus* the "Paola and Marysville road." There seems to have been no difficulty in ascertaining the location of the road, and we think the description was sufficient.

These are the principal matters complained of, and in them appearing no error, the judgment of the district court is affirmed.

All the Justices concurring.