STATE OF MINNESOTA *vs.* DELVIN COTTON.

June 7, 1882.

**Criminal Action—Obstructing Highway—**A prosecution before a justice of the peace for obstructing a public highway is a criminal action.

**Same—Practice when Title to Real Estate is Involved—Municipal Court—**In such case, where the defendant is owner of the soil, and disputes the legal existence of the public easement, the question of title to real estate is involved. The plea of "not guilty" in such case does not show the question of title to be involved, but it must be made to appear by the evidence given or offered. A justice of the peace has no jurisdiction to try a criminal case where the title to real estate is involved; nor has the municipal court of the city of Minneapolis; but as soon as it appears that such title is involved, it should transfer the case to the district court.

Appeal by defendant from an order of the municipal court of Minneapolis refusing a new trial, after a conviction and the imposition of a fine.

*Atwater & Atwater,* for appellant.

*Wm. J. Hahn,* Attorney General, for the State.

GILFILLAN, C. J. This was a prosecution commenced before the municipal court of the city of Minneapolis, for obstructing a public highway. The act of obstructing a public highway being a public offence, the prosecution is a criminal, and not a civil action. Gen. St. 1878, c. 13, §§ 65–6; c. 78, § 10; *Dawson* v. *St. Paul F. & M. Ins. Co.,* 15 Minn. 136. The proper pleading for defendant, when arraigned, is the plea of "guilty," or "not guilty." In this case he tendered an answer as though it were a civil action, which was properly rejected by the court, and the plea of "not guilty" properly entered.

In such a prosecution the title of real estate may be involved—as where it is against the owner of the soil over which the highway runs, and he disputes the legal existence of the public easement. *Striker* v. *Mott,* 6 Wend. 465; *Saunders* v. *Wilson,* 15 Wend. 338; *Whiting* v. *Dudley,* 19 Wend. 373; *Randall* v. *Crandall,* 6 Hill, 342.

It does not necessarily appear, however, that it is involved from the formal plea of not guilty, for the legal existence of the highway may not on the trial be controverted. As soon as it does appear upon the evidence that its legal existence is disputed, the title is shown to be involved. The jurisdiction of a justice of the peace, where the prosecution is before him, is not affected by the plea, nor until the evidence given or offered shows the title to be involved.

Under the constitution a justice of the peace has no jurisdiction to try any cause involving the title to real estate. That instrument (art. 6, § 8) reads: "No justice of the peace shall have jurisdiction of any civil cause where the amount in controversy shall exceed $100, nor in a criminal cause where the punishment shall exceed three months' imprisonment or a fine of over $100, nor *in any cause* involving the title to real estate." This includes all causes, civil and criminal. The statute vests in the municipal court of the city of Minneapolis criminal jurisdiction of causes "heretofore cognizable before a justice of the peace." Gen. St. 1878, *c.* 64, § 109. This carries with it the limitations, constitutional or other, to the jurisdiction of a justice of the peace. In view of this, section 127, same chapter, provides for a transfer to the district court: "In case it shall appear from the pleadings, or upon the trial of *any cause*, that the title to real estate is involved in the action, the municipal court shall not proceed further therein, but shall transfer the action to the district court," etc. This, as the language imports, was intended to provide for any cause, civil or criminal, where the title to real estate appears to be involved. In this case it appeared upon the trial that the real controversy between the state and the defendant—the owner of the land—was as to the legal existence of the highway, which controversy involved the title to real estate. The court ought, therefore, to have transferred the cause; and if, upon a new trial, the same conditions are presented, it will be its duty to transfer it.

Order reversed and new trial ordered.