STATE OF MINNESOTA *vs.* JOHN SWEENEY.

December 22, 1884.

**Complaint for Obstructing Highway—Jurisdiction.**—*State* v. *Cotton,* 29 Minn. 187, followed as to the point that a prosecution under Gen. St. 1878, *c.* 13, §§ 65, 66, for obstructing a public highway, is a criminal action, and that where it is instituted before a justice of the peace he has jurisdiction to try and determine it, unless the title to real estate is involved.

**Same—Question of Title to Real Estate.**—Any further proceedings before the justice, after the title to real estate appears to be involved, should be had under Gen. St. 1878, *c.* 65, § 169. As to this latter point, *State* v. *Cotton* is overruled.

This action was commenced before a justice of the peace in Houston county upon the complaint of the chairman of the board of supervisors of the town of Brownville in that county, charging the defendant with the offence of obstructing a public highway. Upon the trial, upon the evidence given by defendant, the justice decided that a question of title to real estate was raised, and thereupon certified the case to the district court.

When the case was called in the district court, the defendant moved to dismiss, upon the ground that the court had no jurisdiction to proceed, and that the justice of the peace had no jurisdiction to certify the case to the district court. The motion was denied by *Farmer*, J., and defendant was tried and convicted. Thereupon the case was certified to this court.

*William J. Hahn*, Attorney General, and *J. M. Martin*, for the State, cited *Goenen* v. *Schroeder*, 8 Minn. 344, (387;) *Merriam* v. *Baker*, 9 Minn. 28, (40;) *Ferguson* v. *Kumler*, 25 Minn. 183; *Steele* v. *Bond*, 28 Minn. 267; *State* v. *Cotton*, 29 Minn. 187; *State* v. *Leslie*, 30 Minn. 533.

*James O'Brien* and *P. J. & E. H. Smalley*, for defendant.

BERRY, J. In *State* v. *Cotton*, 29 Minn. 187, it was determined that a prosecution under Gen. St. 1878, c. 13, §§ 65, 66, for obstructing a public highway, is a criminal action, and that where it is instituted before a justice of the peace, he has jurisdiction to try and determine the same, unless the title to real estate is involved, in which case his jurisdiction to try and determine ceases. Any further proceedings before the justice, after the title to real estate appears to be involved, should be had under Gen. St. 1878, c. 65, § 169, which provides that "if, in the progress of any trial before a justice under the provisions of this title, it appears to the justice that he has not final jurisdiction in the case before him, and that the accused ought to be put upon his trial for an offence cognizable before the district court, the justice shall immediately stop all further proceedings before him, and proceed as in other criminal cases cognizable before the district court;" that is to say, he shall proceed to examine and discharge or bind over as provided in Gen. St. 1878, c. 106.

In *State* v. *Cotton*, in which, as respects the course which should be pursued by the justice where the title to real estate appeared to be involved, a conclusion inconsistent with that above expressed was arrived at, section 169 above quoted was overlooked, the attention of the court not having been called to it by counsel. By Gen. St. 1878, c. 64, §§ 109, 111, 114, 120, 124, 130, this section 169 appears to be as applicable to the municipal court of Minneapolis as to justices of the peace. In view of this fact we are of opinion that section 127,

of the municipal court act, (Gen. St. 1878, *c.* 64, § 127,) and Gen. St. 1878, *c.* 65, § 37, relating to justices' courts, should be held to apply to civil actions and proceedings exclusively, and not to those of a criminal character, and that whenever a question of title to real estate is involved in criminal proceedings in either court for obstructing a highway, the further proceedings should be had under said section 169.

If the question as to how a justice should proceed in such cases were an ordinary one of mere practice, we should be loath to disturb the rule sanctioned in *State* v. *Cotton,* especially as it was in accordance with quite common usage. But, if it is held proper for a justice to *certify* such cases to the district court under the statutory sections mentioned, the result would appear to be that a person may, for want of bail, be committed to jail (and in some parts of the state for 12 months) upon the mere *complaint* of a prosecutor, without even an *examination* into the probability of his guilt. This, for obvious reasons, will not do.

This case having been certified to this court under Gen. St. 1878, *c.* 117, § 11, we have only to add that in our opinion the district court erred in denying defendant's motion to dismiss, and in entertaining the subsequent proceedings, so that the conviction is illegal.