LYDIA PETERSON *vs.* CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.

February 9, 1887.

| 36 | 399 |
| 176 | 453 |
| 36 | 399 |
| 80 | 429 |
| 80 | 523 |
| 36 | 399 |
| 82 | 301 |

**Release obtained by Fraud—Receipt of Consideration after Discovery of Fraud.**—Plaintiff was injured while a passenger on defendant's road.  She executed to defendant a release in consideration of $225, $25 of which was paid to her at the time of the release, and $200 the next day.  She claims that she was induced to execute the release by false representations of defendant.  The court below, in its charge, submitted to the jury two representations as grounds on which she could avoid the release.  As to one of these representations she had learned its falsity,

and knew the facts, when she received the $200. *Held* error in the court to submit that representation to the jury as an independent ground to avoid the release.

Appeal by defendant from an order of the district court for Winona, county, *Start*, J., presiding, refusing a new trial, after verdict of $3,000 for plaintiff. The "representation as to the opinion of Dr. Clark," mentioned in the opinion, was, as alleged in the reply, and testified to by plaintiff, a representation that Dr. Clark, "the physician whom plaintiff had employed immediately after her injury, said to defendant's agent who procured her signature to said release, that her injuries would soon be cured with proper treatment."

*William Gale*, for appellant.

*Wilson & Bowers*, for respondent.

GILFILLAN, C. J. Action for an injury to plaintiff's person, caused, as plaintiff claims, by the negligence of defendant in respect to its duty as a common carrier of passengers to have a safe place for them to alight from its cars; plaintiff having been such a passenger, and having been injured while alighting from, or immediately after alighting from, the cars. After a denial of the allegations of fact constituting the cause of action, the answer alleges a release by plaintiff of the alleged cause of action in consideration of $225, paid by defendant to plaintiff. The plaintiff, in reply, admits the execution of the release, but alleges that she was induced to execute it by false and fraudulent representations, (set forth in the reply,) made to her by the defendant's agent, and that she had rescinded the release, and elected to treat it as void, and had tendered a return to defendant of the money paid her for the release. There was a verdict for the plaintiff.

The release was executed July 24, 1885. Of the $225, $25 was paid to her at the time, and the remainder, $200, the next day. One of the representations alleged to have been false and fraudulent, and relied on to sustain her claim of right to avoid the release, was that action had not been commenced against defendant for the injury. It is not disputed that, after signing the release and receiving the $25, and before receiving the $200, she learned that such action had been commenced, and, consequently, when she received the $200, she knew.

that the representation was false.   A contract which a party is induced by fraudulent representations to enter into is voidable, and he may, after learning of the fraud, elect either to rescind it or to abide by it.   If, after learning of the fraud, he takes benefits under it, that is an election to abide by the contract, and he cannot afterwards allege the fraud in order to avoid the contract.   In respect to the representation that a suit had not been commenced, plaintiff stands in that predicament.   The facts being undisputed, there was nothing for the jury on that representation as an independent ground of avoiding the release.   The plaintiff might, in avoidance of it, rely on other fraudulent representations, the falsity of which was not known to her when she accepted the $200, but not on that as a substantive ground of avoidance.

In its charge the court left to the jury two representations alleged to have been false and fraudulent, each submitted separately as a ground on which the jury might find a right to rescind the release,— one of them, that in regard to an action not having been commenced; and in submitting that as cause for rescission the court erred.   It is true the court left it for the jury to determine whether the release had been confirmed, instructing them that if they found "that, knowing and understanding *all the facts,* and that the alleged representations were untrue, she accepted the money, it would be a confirmation of the release, and she would be bound by it."   But as the facts were conceded, and not disputed, the jury could properly find in only one way, that is, against the right to rescind; and it was error to leave it to them in such a way that they might suppose they could, in any view they might take, find for the plaintiff upon that representation. If anything was to be said to them on the subject, it ought to have been that, so far as that representation was concerned, it was not to be considered at all as an independent ground to avoid the release. The plaintiff's counsel, in argument, assumes that the jury found in favor of plaintiff on each of the representations.   If that were so, inasmuch as the finding on the last representation would sustain her right to rescind, it would be immaterial how the other was found, or what error entered into the finding upon it.   The verdict, however, was general.   We cannot say on which of the representations it was

based, or whether on either alone, or partly on one and partly on the other.

We see no other error in the case. We have characterized the representation that suit had not been commenced as an independent substantive ground for rescission, because, although plaintiff, after she received the $200, could not rely on that as giving her a right to rescind, it was proper for her to prove that representation and its falsity, and the fraudulent intent with which it was made, in order to prove the fraudulent character of the other, both being made at the same time.

We do not doubt that the jury might find a right to avoid the release because of the representation as to the opinion of Dr. Clark.

Order reversed.