JAMES SHEEHAN v. BOARD OF SUPERVISORS OF TOWN OF BATH.[1]

July 5, 1900.

Nos. 11,996—(194).

**Highway—Petition for Change Insufficient.**

*Held*, that a certain petition presented to town supervisors, under which they attempted to lay out and establish a new road and to vacate part of an old one, substituting in legal effect, was uncertain, indefinite, and insufficient in the matter of describing that part of the old road which it was proposed to vacate.

**Same—Order of Supervisors.**

*Held*, further, that in this case it clearly appears that such petition must be treated as a whole, that part which petitioned for the new road and that part in which the petitioners asked for a vacation of a portion of the old being interdependent, the final order of the supervisors to stand or fall as an entirety.

Appeals by defendant board from an order of the district court for Freeborn county, Kingsley, J., reversing and vacating an order of said board laying out and establishing a highway, and from an order denying a motion for a new trial. Affirmed.

*Lafayette French* and *Henry A. Morgan*, for appellant.

*H. H. Dunn* and *H. C. Carlson*, for respondent.

COLLINS, J.[2]

This is an appeal from an order denying a new trial in an action pending in district court, upon an appeal from an order of the supervisors of the defendant town purporting to lay out and establish a highway, and at the same time vacating another highway, practically parallel to the new, and at no place more than eighty rods distant. The district court reversed the order of the supervisors.

We are of the opinion that the order appealed from must be affirmed. The petition addressed to the supervisors upon which it is made, in so far as is necessary for the purpose of this decision, reads as follows:

[1] Reported in 83 N. W. 352.

[2] LOVELY, J., having been of counsel, took no part.

"Hereby petition you to lay out and vacate a public road four rods wide, as follows: Beginning at the angle on the town road, and two rods west of the section line that lies between sections (17 and 18) seventeen and eighteen, and thence to run east two rods to said section line, and thence to run south on the section line between sections (17 and 18) seventeen and eighteen, and sections (19 and 20) nineteen and twenty, to the section stake between sections (19 and 20, 29 and 30) nineteen and twenty, twenty-nine and thirty, and to vacate as much of said town road as lies between the first-named point and until it strikes the road on the section line between sections (29 and 30) twenty-nine and thirty south of the school house in school district No. 7."

And in all subsequent proceedings, including the final order, this language was used. It is contended by the respondent, Sheehan, that the petition and subsequent orders and proceedings are so insufficient, indefinite, and uncertain in respect to what was petitioned for, and what was attempted to be done by the supervisors, and also in all matters of description of the highway proposed to be laid out and the one it was proposed to vacate, that the final order is void and of no effect. The position of appellant is that the petition and subsequent orders are definite and certain in all respects, the final order being sufficient to lay out and establish a new highway running north and south for one and one-half miles on a section line, and also to vacate a portion of an old road which was nearly parallel, at no point more than eighty rods distant, and long ago laid out without regard to section lines, the legal effect being to substitute the new for the old and to shorten the way. It is further urged that the petition and subsequent orders are sufficient as to the new road, even if we are compelled to come to the conclusion that they are defective in all matters pertaining to the vacation of the old, and for that reason the order appealed from must at least be modified.

For the purpose of this decision we assume that as to the new road the proceedings are regular and complete, and that, if no other questions were involved, the supervisors' order would have to be held valid. G. S. 1894, § 1806, requires the same formalities as to a petition for the vacation or alteration of a highway as is required in a petition for the laying out and establishment of a new highway. The description must be set forth with reasonable certainty and

fair accurateness. In this instance we do not think that the description of that part of the old road which it was proposed to vacate was adequate. The statute was not complied with, the way was merely described as a town road, its general course was not given at all, and it may well be argued that the terminus is altogether too uncertain and indefinite.

It is very evident that the petition must be treated as a whole, and that the petitioners asked to have a new road laid out and the old one vacated, not simply to have a new road laid out. In other words, this petition made the laying out of the new road and the vacating of the old road interdependent, both things to be done together. We are confident that this was the intention of the petitioners, and that the supervisors acted upon this view of what was petitioned for. This is obvious from the plat which shows the relative positions of the old and new highways. The final order must for these reasons stand or fall as an entirety. It cannot be upheld in part and be repudiated in part, hence the order is affirmed.