ALBERT C. MOLDENHAUER v. MINNEAPOLIS STREET RAILWAY COMPANY.[1]

July 11, 1900.

Nos. 12,051—(172).

**Street Railway—Personal Injury—Headlight of Car.**
    This is a personal injury action. The plaintiff, in the nighttime, was thrown from his bicycle upon the street-car tracks of defendant, and thereby rendered unconscious. While in this condition he was struck and injured by one of the defendant's cars. One of his specifications of negligence was that the defendant permitted the headlight of the car to become defective, dirty, and grimy, so that it did not sufficiently light its tracks. A witness who was present at the time of the accident was permitted to testify that subsequent thereto, and for a year, he observed the headlights on other cars of the defendant at different times and under different conditions, and that they gave a better light, and showed

----

1 Reported in 83 N. W. 381.

further on the tracks, than did the one in question on the night of the accident. *Held* prejudicial error.

Action in the district court for Hennepin county to recover $25,000 for personal injuries. The case was tried before Simpson, J., and a jury, which rendered a verdict in favor of plaintiff. From an order denying a motion for a new trial, defendant appealed. Reversed.

*Koon, Whelan & Bennett,* for appellant.

*James D. Shearer* and *C. H. Childs,* for respondent.

START, C. J.

The plaintiff, about midnight on September 7, 1898, was riding his bicycle along the right-hand roadway of Hennepin avenue, in the city of Minneapolis, when his wheel struck a small stone in the path, whereby he was thrown over his handle bars onto the west line of defendant's street-car track. He was rendered unconscious by the fall, and while he so remained on the track he was struck by one of the defendant's electric cars, and his left leg broken in two places above the knee, and in one place below the knee. He brought this action to recover damages for such injuries on the ground of the negligence of the defendant in so running the car upon him. He had a verdict for $3,750. The defendant made a motion for judgment notwithstanding the verdict, or for a new trial, as provided by the statute (Laws 1895, c. 320), and appealed from an order denying its motion.

The plaintiff, in his complaint and on the trial, claims that the defendant was negligent in at least three particulars, which were the cause of the injury: First, that it negligently maintained the headlight on the car which struck the plaintiff, and permitted it to become defective, dirty, and grimy, so that it would not and did not give a sufficient light upon the defendant's tracks at the time of the accident; second, that the car was, at the time, being run at a dangerous rate of speed; third, that the motorman, after he discovered the plaintiff lying on the track, or might have done so by the exercise of due care, failed to use ordinary care to stop the car and protect him from injury. The defense was a denial of all negligence on the part of the defendant, and a countercharge of contrib-

utory negligence by the plaintiff. The trial court submitted all three of the plaintiff's claims, as to the defendant's negligence, to the jury, to which neither party excepted.

The defendant here claims that there is no evidence in the case tending to show that it was negligent in any of the particulars complained of, or otherwise, but, on the contrary, that the evidence does conclusively show that the plaintiff was guilty of contributory negligence, and that it is entitled to judgment absolutely in its favor notwithstanding the verdict, or at least a new trial. We have attentively considered the record, and reached the conclusion that upon the record the defendant is not entitled to judgment as claimed, for the reason that the question as to the defendant's negligence, and also as to the plaintiff's contributory negligence, was, upon the evidence, one of fact for the jury.

But a new trial must be granted for error in the admission of evidence upon the issue as to the condition of the headlight. This issue was sharply contested and made prominent on the trial, and incompetent and prejudicial evidence was admitted in support of it. The plaintiff called as a witness Walter H. Shillock, who was a passenger on the car at the time of the accident. He testified that within a few minutes after the accident he observed the headlight on the car, and that the glass was dusty, the reflector grimy, the light yellow, and did not give as good a light as the one on another car, which came from the opposite direction at the time. Although this evidence was objected to as incompetent, it was properly received, for the witness simply testified to pertinent facts and conditions which he personally observed at the time of the accident. But not as to his further testimony. He also testified, in effect, that he had never observed the headlights on the defendant's cars before the accident, but that subsequent thereto, and extending over a period of nearly one year, he made observations of the headlights on more than fifty of the defendant's cars, at different times and places and under different conditions and circumstances, and that the headlights on these other cars, so subsequently observed by him, gave a whiter and better light, and showed further on defendant's tracks than did the headlight on the car which struck the

plaintiff.    This evidence was received over the objection of the defendant.

Counsel for the plaintiff seek to justify its admission on the ground that it was corroborative of the direct testimony of the witness Shillock.    Clearly, it was not admissible for this purpose. His direct testimony as to the condition of the headlight at the time of the accident was based upon his personal knowledge and observation at the time, but his subsequent observations as to the condition of the headlights on other cars, at other times and under other circumstances, and his conclusion, based thereon, that they were better than the one in question could have no legitimate tendency to show that he correctly observed and testified to the condition of the particular headlight on the car which injured the plaintiff.    The issue as to which this evidence was directed was the alleged negligence of the defendant in not keeping the headlight in proper condition, but the evidence was neither competent nor relevant to such issue.    The inferences or conclusions of the witness had no reasonable tendency to show that the defendant had not exercised ordinary care in keeping the headlight in question in proper condition, for they were based upon observations, subsequently made, of other cars, under dissimilar conditions and circumstances.    It was prejudicial error to receive the evidence, for it related to a material and important issue, and it is impossible to say that the jury did not base their verdict upon this issue, as all three issues were submitted to them, and the verdict was a general one.    See Peterson .v. Chicago, M. & St. P. Ry. Co., 36 Minn. 399, 31 N. W. 515.

Order reversed, and a new trial granted.