## STATE v. WOLFGANG HAGER.[1]

December 6, 1912.

Nos. 17,949—(3).

**Laying out highway — description bad.**

The description of a public highway as contained in the petition and final order of the public authorities in proceedings to lay out and establish the same, set out in the opinion, is *held* so indefinite and uncertain as to render the highway proceedings a nullity.

**Same — evidence inadmissible.**

In a prosecution for the obstruction of a public highway, the state offered evidence tending to show that the locus in quo had been lawfully laid out as a public highway, and also evidence tending to show the establishment of a highway by user under the statute. The proceedings for laying out

[1] Reported in 138 N. W. 935.

the highway by the public authorities were void for indefiniteness in the description of the road, and were erroneously received in evidence.

**Judgment reversed.**

It is *held,* since the record does not disclose whether the conviction of defendant was predicated upon the evidence tending to show a lawfully established highway by the public authorities, or upon a highway acquired by user, the latter not conclusively appearing from the evidence, that the judgment of conviction cannot stand and must be reversed.

Defendant was convicted in justice court of the offense of obstructing a certain highway by building and maintaining a fence therein. From the judgment sentencing him to a fine of five dollars and costs amounting to $50.57, and in default of payment to stand committed to the county jail, he appealed to the district court for Goodhue county upon questions of law alone. The appeal was heard by Hodgson, J., who affirmed the judgment of the justice. From the judgment affirming the judgment of the justice court and that the sureties on the appeal bond from the justice court should be liable for the amount of the judgment, if the judgment of the district court was not reversed, defendant appealed. Reversed.

*Mohn & Mohn,* for appellant.

*William M. Ericson,* County Attorney, and *F. M. Wilson,* for respondent.

BROWN, J.

In this prosecution, commenced before a justice of the peace, defendant was charged with wrongfully obstructing a public highway. He was convicted before the justice and appealed to the district court, upon questions of law alone, where the judgment was affirmed. From the judgment of affirmance, defendant appealed to this court.

The state claimed on the trial before the justice, and offered evidence to substantiate the claim, that the highway alleged to have been obstructed by defendant had been (1) laid out and established as such by the public authorities and (2) if the proceedings had for that purpose were defective and ineffectual, that it had become a public highway by user under the statute, since it had been traveled and used by the public generally for the period of over thirty years

119 M.—33.

prior to the date of defendant's alleged obstruction. The evidence tending to show that the highway had been lawfully laid out by the public authorities was all objected to by defendant, and the objections were sufficient to challenge the validity of the road proceedings. We first turn our attention to those proceedings.

The highway, if ever legally laid out, was in part a county and in part a town road; a part thereof having been attempted to be laid out by the board of county commissioners and a part by the town board. The objections to the proceedings had for this purpose related in the main to the description of the highway, as contained in the petition and the order establishing the road. The description as contained in the township proceedings was as follows:

"Commencing near the house of Eric Johnson in section 11, thence easterly through lands belonging to Charles Hahn in section 12, thence through lands of Gilbert in section 12, thence near the house of Johnson in section 13, thence through land of Barras in section 13, thence near the house of F. King in section 13, thence near the house of Andrew Fredrich to intersect the Wells Creek road."

This description is taken from the final order of the town board, which, in the above language, refers to the highway petitioned for. A survey and plat attached to the order does not aid much in definitely locating the highway, even if the record of the survey might be referred to for the purpose of curing the defect in description as contained in the petition and final order.

The proceedings before the county commissioners were had for the purpose of vacating an existing highway, or a part thereof, and to establish a new one connecting with the town road and extending thence beyond the town line. The petition, which was recorded in the minutes of the commissioners' proceedings, prayed for the vacation of an existing county road, which was described as follows:

"Commencing at the point where said road crosses the section line between sections 12 and 13 in said town of Hay Creek, and terminating where the same crosses the section line between section 13 in

said Hay Creek and section 18 in said Florence, the same being a town line."

The petition contains nothing further to aid in locating the highway sought to be vacated, and in ordering a vacation the commissioners were guided necessarily solely by this description in the petition. This was followed by a prayer for the location of a new highway described as follows:

"Commencing on section line between section 12 and 13 in the town of Hay Creek at the point where the road, a portion of which is hereinbefore asked to be vacated, crosses said section line, thence east on said section line to the township line between the towns of Hay Creek and Florence, thence in a northeasterly direction until the same strikes the road running from the Military road to Wells Creek road in section seven in the town of Florence."

It is well settled by our decisions that a petition in proper form, definitely describing the proposed road, is essential to the jurisdiction of proceedings to lay out and establish a public highway, and that an accurate and definite description thereof is also essential to the validity of the final order of the town or county board, as the case may be. The order must in some manner describe the location of the road so definitely as to enable a "person conversant with such matters [to] trace it out on the ground." Sonnek v. Town of Minnesota Lake, 50 Minn. 558, 52 N. W. 961; 3 Dunnell, Minn. Dig. §§ 8459, 8461. It requires no particular discussion, within the rule, to demonstrate the insufficiency of either the petition or the order in the proceedings before the town supervisors. It is clear that the description there given was wholly insufficient to vest in the town board authority to act. The final order of the board contains the same description and is not materially aided by the survey and plat made a part of the order. No person with the description of the road as given in the petition or the order could trace the road upon the ground, and its termini (commencing near the house of Johnson, and ending at the Wells Creek road) afford no basis for a survey or plat.

The order of the county board, though describing the road with some degree of certainty, entirely fails to describe the road sought to be vacated. It was held in Sheehan v. Board of Suprs. of Bath, 80 Minn. 355, 83 N. W. 352, that a defect of this kind was fatal to the whole proceeding; the order laying the road, the court said, could not be upheld in part and repudiated in part. We discover no reason for departing from that decision.

It follows that the highway proceedings were fatally defective, that a highway at the locus in quo was not thereby legally established, and it was error to admit the proceedings in evidence. State v. Lindig, 96 Minn. 419, 105 N. W. 186.

But it is contended by the state that the error should be held without prejudice, since the evidence is practically conclusive of the establishment of a highway by user, under the statute on the line of that covered or attempted to be covered by the road proceedings. We are unable to concur in this contention.

The prosecution against defendant is criminal, not civil, and the rules guiding the trial of criminal actions must apply. State v. Cotton, 29 Minn. 187, 12 N. W. 529. The road attempted to be laid out was four rods wide. The alleged obstructions of which complaint is made, consisted of a fence claimed to have been constructed by defendant along and parallel with the road, which at one or more points encroached upon the traveled track of the road. It may be conceded that the evidence would justify a finding that a public road was acquired at the point in question by public use. But it does not follow that it was four rods wide. On the contrary, our decisions, prior to the passage of chapter 152, p. 155, Laws 1899, limited the highway so acquired to the character and extent of the user. Arndt v. Thomas, 93 Minn. 1, 100 N. W. 378. The statute referred to can have no retroactive operation, and cannot be held to apply to the highway in question, for it became established long prior to the passage of the statute. Gilbert v. Village of White Bear, 107 Minn. 239, 119 N. W. 1063. The highway in question, conceding it to have been established by user, must then be limited to the character and extent of the public use. The evidence presented in the record leaves the question of the precise location of the road as traveled

and used in former years in some doubt, at least as to certain points between its termini. It appears to be a "crooked road," and has shifted in recent years. Defendant's fence encroaches very nearly to, if not actually upon, the traveled track at one point, but does not interfere with travel at any other point.

Now, the important inquiry is: Upon what did the justice and the learned district court rely in support of the judgment of conviction? Did they proceed upon the theory that the highway in question was four rods wide, as the town or county board attempted to lay it, or upon the theory that the road as acquired and established by user was encroached upon and obstructed? The question cannot be answered from the record. If the decision below was based upon a legally established highway four rods wide, the court was entirely right, for it conclusively appears that defendant's fence was within the boundaries of the same, for its entire length. But the judgment of conviction cannot stand upon that foundation for, as we have held, no highway was ever legally laid out. If, however, the foundation of the conviction was a highway by user, then it might be sustained, if the evidence made it clear that the alleged obstruction was placed there by defendant or by his direction, and upon a part of the highway so acquired. The evidence upon this question is not free from doubt, though we deem it sufficient to charge defendant with responsibility for the fence, though it is not conclusive. And since there was error in the reception of the highway proceedings, and it cannot be ascertained from the record whether the court predicated its decision upon the evidence so erroneously received or upon that properly received, there must be a reversal.

We have often applied this rule in civil actions. Moldenhauer v. Minneapolis Street Ry. Co. 80 Minn. 426, 83 N. W. 381; Peterson v. Chicago, M. & St. P. Ry. Co. 36 Minn. 399, 31 N. W. 515. There is a stronger reason for its application in a criminal prosecution where the guilt of defendant must be shown beyond a reasonable doubt.

A reversal does not necessarily amount to a final determination that defendant may rightfully maintain his fence so as to obstruct this highway, as established by the public use. If the highway is

thus obstructed, the maintenance of the fence constitutes a continuing obstruction, and a new prosecution may be maintained. We may say also, in conclusion, that the proper proceeding in prosecutions of this kind, where the title to real estate becomes involved, is pointed out in State v. Sweeney, 33 Minn. 23, 21 N. W. 847.

Judgment reversed.