# MARTIN MARTINSON v. TOWN OF EAGLE CREEK.[1]

May 21, 1915.

Nos. 19,247—(143).

**Petition for cartway — description.**

> A description in a highway petition is sufficient if monuments be designated which enable persons familiar with the locality to locate the way upon the ground with reasonable certainty. The description in a petition for a cartway in this case, locating the way by reference to a bridge, a railroad track, a section line highway, and a private road is *held* to be sufficient. The court having dismissed the petition on receiving it in evidence, it was not necessary for the petitioner to offer further proof.

Martin Martinson appealed to the district court for Scott county from an order of the town board of Eagle Creek denying his petition for a cartway. The appeal was heard before Morrison, J., who granted the motion of the town of Eagle Creek to dismiss the proceedings. From the order denying a new trial, Martin Martinson appealed. Reversed and new trial granted.

*F. J. Leonard,* for appellant.

*E. & W. N. Southworth,* for respondent.

HALLAM, J.

Plaintiff and others petitioned the town board of the town of Eagle Creek, in Scott county, to lay out a cartway two rods wide, pursuant to section 2542, G. S. 1913. The petition described the cartway as follows: "Beginning at a point in the center of the west end of the bridge leading from the west side of Island No. 10 in section 35, township 115, range 22, Scott county, Minn., to the main land on the bank of Prior Lake, thence in a westerly direction to a point in the center of the crossing of the Chicago, Milwaukee &

[1] Reported in 152 N. W. 761.

St. Paul Railway where the road as now, and heretofore, used by Martin Martinson and Margaret Kopp, crosses the right of way of said railroad, thence in a westerly direction, and following the road now, and heretofore, used by said Martin Martinson and Margaret Kopp until the same intersects the public highway on the west line of said section 35, the above line of description being the center of said cartway." The town board denied the petition on the merits. Plaintiff appealed to the district court, under section 2548, G. S. 1913. The case came on for trial. Appellant offered the petition in evidence and the court received it. Thereupon respondent town moved to dismiss the proceedings, upon the ground that the petition was defective and the description of the cartway therein so indefinite and uncertain that the cartway could not be ascertained from the description of it. The court dismissed the proceeding on the ground stated and without waiting for appellant to rest his case. Appeal is taken from an order denying a motion for a new trial.

We are of the opinion that the description was sufficient. The petition must describe the location of the road, but technical precision is not required. It is not necessary that the road be described by reference to government subdivisions or by other monuments of which the court takes judicial notice. Description by reference to monuments, which, in the nature of things are patent to observation, is sufficient. All that is necessary is that places or monuments be designated which enable persons familiar with the locality to locate the way upon the ground with reasonable certainty. Elliott, Roads & Streets, § 380; State v. Rapp, 39 Minn. 65, 38 N. W. 926; State v. Hager, 119 Minn. 512, 138 N. W. 935; Page v. Boehmer, 154 Mich. 693, 118 N. W. 602; Casey v. Kilgore, 14 Kan. 478. Reference to a railroad (McDonald v. Payne, 114 Ind. 359, 16 N. E. 795), a highway (Acton v. Co. Commrs. 77 Me. 128); a sign board (Wells v. Rhodes, 114 Ind. 468, 16 N. E. 830); a stake (In re Ralph's Petition, 5 Penn. [Del.] 124); a dwelling house (Inhabitants of Westport v. Co. Commrs. 91 Mass. 203; Case of Road from House of M. Miller, 9 S. & R. [Penn.] 35); a barn (Cornplanter Twp. Road, 26 Pa. Super. 20) have all been held sufficient. In

this case the bridge, the railroad track, the section line highway, and the private road are all monuments easily located by one familiar with the neighborhood, and we hold the description to be sufficient.

It is urged in respondent's brief that there is nothing in the record to show that these monuments exist, or that anyone living in the neighborhood ever knew of their existence or location, and that if there had been any evidence obtainable by appellant to show these facts it was incumbent upon him to introduce it. One trouble with this contention is that the order of the court dismissing the petition foreclosed the offer of any further proof. The objection of respondent was in effect a demurrer to the petition, and the action of the court was analogous to an order sustaining a demurrer to a pleading. Naturally the court would not receive further proof after dismissing the proceeding on the ground that the petition was insufficient on its face, and no further offer of proof was necessary or even proper after the proceeding had been dismissed. Of course if the evidence shows that the monuments do not exist, then the proceedings must, of necessity, fail. But that is matter of proof. It is not necessary that the petition state in terms that they exist.

The question whether the burden of proof was upon appellant to show that these monuments exist, is not here in controversy, for appellant had not rested his case. True, counsel for appellant, in arguing another point in his brief, says "the case was practically closed as regards the proof of appellant." We should not hold appellant too harshly to this statement made by way of argument of other propositions in a brief, for it is manifest that the case was not closed. The question of necessity and public utility of this proposed way, the essential questions in the case, had not been reached.

Order reversed and new trial granted.