## MARY J. HART v. JOHN LINDLEY.

*Notice to quit—Res judicata—Jury.*

Notice to quit, where premises are held from month to month, must be given a full month before the day on which a new holding would begin. Where such holding begins on the first of the month a notice given May 6th would not be operative until July 1st.

A judgment in a proceeding begun before any cause of action has accrued can have no bearing on another proceeding begun by the same party ; there can be no presumption of identity and there is no occasion to inquire whether the judgment is pleadable in bar or in abatement.

In a statutory proceeding by a landlord to recover premises in the tenant's possession, the parties are not prejudiced by the fact that the jury were shut up by the commissioner before whom the proceedings were held, instead of by a constable, especially if no objection was made. Nor is it important that at the jury's request the commissioner went into the jury room, after telling them that he would give them no instructions ; no harm can be presumed, especially if it does not appear that they could have decided otherwise than they did.

In special proceedings under the landlord and tenant act to recover possession the jury are judges of law and fact and would not be expected to require instructions unless they thought proper.

Error to Wayne. (Full bench.) Jan. 9.—Jan. 17

FORCIBLE ENTRY. Defendant brings error. Affirmed.

*Geo. A. Chase* for appellant.

*Seth E. Engle* for appellee.

CAMPBELL, J. Lindley, as plaintiff in certiorari, removed a judgment recovered against him under the Landlord and Tenant Act into the circuit court for the county of Wayne. The proceedings were had before Mr. Flowers, a circuit court commissioner, and were affirmed. They were begun on the 6th day of July, 1882, and were based on a refusal to yield up possession of a lot held from month to month, notice to quit having been served more than a month prior

to the first of July, 1882. Although the affidavit for certiorari relies on the want of notice, there was evidence of such notice served on the 6th of May, which under the decisions in this State would be valid for the 1st of July, but not for an earlier day. *Chamberlin v. Brown* 2 Doug. (Mich.) 120; *Hogsett v. Ellis* 17 Mich. 366; *Shaw v. Hoffman* 25 Mich. 163.

The chief defense relied on seems to have been that in June the complainant had sued before the same commissioner, and the judgment was appealed to the circuit court. There is nothing in the record to show what this judgment was. It is very certain it could not have been lawfully obtained on a cause of action that did not accrue until July, and there can be no presumption of identity. We need not therefore inquire whether it was pleadable in bar or in abatement. It has, as the record stands, no bearing on this controversy.

The only other grounds of certiorari relate to questions of practice. It could not prejudice the parties to have the jury shut up in the jury-room by the commissioner instead of by a constable, especially when no one made any objection. Neither can it be very important that the commissioner at the request of the jury went into the jury-room, when he told them he would give them no instructions. *Smoke v. Jones* 35 Mich. 409. In these special cases the jury are judges of law and fact, and would not be expected to require instructions unless they thought proper. The commissioner expressly denies giving them any, and as they could not, so far as we can see, have come to any different conclusion from the one they adopted, there can be no presumption that his visit did any harm. *Toledo, Ann Arbor & Grand Trunk Ry. Co. v. Dunlap* 47 Mich. 456.

As the circuit court was required by law to disregard all matters not affecting the merits, and as the judgment of that court appears to us to have been given in accordance with this principle, it must be affirmed with costs.

The other Justices concurred.