PAGE *v.* BOEHMER.[1]

154  693
157  437

1. SAVING QUESTIONS FOR REVIEW — OBJECTION BELOW — SUFFI-
   CIENCY OF PETITION FOR HIGHWAY.
   On error to review the judgment in an action of trespass for
   removing a fence obstructing a highway, the point that the
   petition for laying out the highway was insufficient cannot
   be first raised in this court.

2. HIGHWAYS—ESTABLISHMENT—PETITION—REQUISITES.
   The highest degree of certainty in describing a proposed high-
   way is not required in the petition for laying it out; it being
   sufficient if places are designated which will enable persons
   familiar with the locality to locate the way with reasonable
   certainty.

3. SAME—PETITION—SUFFICIENCY.
   A petition for laying out a highway examined, and *held*, in
   view of the geographical situation, to sufficiently designate
   the proposed highway to confer upon the commissioner juris-
   diction over the subject-matter of the proceedings.

4. SAME—LANDOWNERS—JURISDICTION.
   Jurisdiction over the person of an abutting landowner was
   conferred by his participation in the proceedings for the lay-
   ing out of a highway, and taking an appeal.

5. SAME—PARTICIPATION—ACCEPTANCE OF AWARD—ESTOPPEL.
   Where the commissioner had jurisdiction of the person and the
   subject-matter in proceedings to lay out a highway, the par-
   ticipation of a landowner in the proceedings, and his accept-
   ance of the award, estopped him and his grantee from con-
   testing the validity of the award.

Error to Calhoun; North, J.   Submitted October 14,
1908.   (Docket No. 62.)   Decided November 30, 1908.

Trespass quare clausum fregit by James C. Page against
Hugh Boehmer and others.   There was judgment for de-
fendants, and plaintiff brings error.   Affirmed.

[1]Rehearing denied March 3, 1909.

*Edward J. Dennison* (*Winsor & Miller*, of counsel), for appellant.

*Hatch & Page*, for appellees.

BLAIR, J. This was an action to recover damages for an alleged trespass in removing a certain fence in the township of Lee, in Calhoun county. The defendants justified under the claimed statutory authority of the defendant Stultz to remove the fence as an obstruction of a public highway. The proceedings to lay out the alleged highway were founded upon a petition signed, among others, by William H. Hoag, describing the proposed highway as follows:

"Commencing on the section line running east and west between sections twenty (20) and twenty-nine (29) of said township where said section line intersects the road running north and south on the southwest quarter of section twenty (20) and the northeast quarter of section twenty-nine (29), running thence east on said section line until it connects with *the highway already laid and opened on the section line between section twenty-one (21) and section twenty-eight (28).*"

The premises in question are immediately north of "the section line between" sections 21 and 28, and at the time of the condemnation proceedings were owned by said William H. Hoag. The only highway "already laid out and opened" when the petition was filed, with which the proposed highway could connect "on the section line between section twenty-one (21) and section twenty-eight (28)," was a highway crossing said section line at right angles about 80 rods from the eastern boundary of the two sections. Notice was served of hearing upon the petition, and William H. Hoag appeared and was heard. The commissioner "did thereupon consider and determine that a highway was necessary, and should be and the same was thereupon, laid out," and he awarded to the said Hoag the sum of $25 as compensation for his land condemned for the highway. From this determination of

the highway commissioner Hoag appealed to the township board, of which, as supervisor, he was a member. The township board increased the award in favor of Hoag to $30, and, according to his testimony:

"I did not take an appeal after they appraised it. I read a line, and it said the town board's decision was final, and I didn't go any further. I took the order and collected it, and gave my vote."

After voting for the award and collecting the sum awarded to him, Hoag sold the premises upon land contract to the present plaintiff, who was fully informed as to the condemnation proceedings and the collection of the amount awarded to Hoag.

The trial judge instructed the jury, among other things, as follows:

"I simply say to you as a matter of law that under the undisputed proof in this case a highway along this line was laid out; that there might have been some irregularities in the proceedings by which it was laid out, but that notwithstanding that there were or might have been some irregularities; that the participation of Mr. Hoag in the proceedings of the township board when they met to review the proceedings of the commissioner, having taken an appeal to that board, and his subsequent acceptance of the compensation for the damages which resulted to his land, would constitute a waiver of those irregularities in the proceedings in establishing the highway; and that situation is not only binding upon Mr. Hoag, but is likewise binding upon his grantee, Mr. James Page, who is the plaintiff in this case. In other words, as I view the law, these parties cannot in this proceeding attack the regularity of that proceeding in laying out a highway on the ground that it is defective in the manner in which it is claimed in this case to be defective, for the reason that the conduct of Mr. Hoag has waived those irregularities and the defects, if any, are thereby cured, and the situation is binding upon Mr. Page, the plaintiff in this case. Now, the question has been suggested to you that there has been no release of a right of way of this particular strip of land, but I say to you as a matter of law, that if the proceedings are valid as I have already indicated to

you, that the title to the land passed by virtue of the proceedings and by virtue of the party who is parting with the land having accepted the compensation assessed as being due him for resulting damages, the title passed as a matter of law."

The only question of fact submitted to the jury was whether the commissioner had served the statutory notice to remove the fence, as to which the testimony was in conflict. The jury found that the notice had been served, and rendered a verdict in favor of defendants. Plaintiff brings the record to this court for review upon writ of error.

Plaintiff's counsel contend:

(1) That the petition did not describe any highway between sections 21 and 28, but that the highway described terminated at the western boundary line of the sections and related solely to a highway between sections 20 and 29.

(2) That the commissioner did not file with the township clerk the record required by 2 Comp. Laws, § 4041, and that the return required by section 4038 was, as filed, defective, and the affidavit required by section 4039 was not filed.

1. This point was not made in the court below, and cannot be raised in this court for the first time. However, we are satisfied that, if it had been raised, it should have been overruled. The highest degree of certainty is not required.

" If places are designated which will enable persons familiar with the locality to locate the way with reasonable certainty, the description will be deemed sufficient." Elliott on Roads and Streets (2d Ed.), § 337.

In our opinion the petition did sufficiently designate the proposed highway between sections 21 and 28, and conferred upon the highway commissioner jurisdiction over the subject-matter of the proceedings.

2. It is clear that jurisdiction over the person of Hoag was conferred by his participation in the proceedings and taking the appeal. The commissioner having jurisdiction

of the person and of the subject-matter, the participation of Hoag in and his acceptance of the award estops him and his grantee from contesting the validity of the award. Elliott on Roads and Streets (2d Ed.), § 367; *Baltimore, etc., R. Co.* v. *Johnson,* 84 Ind. 420; *Branch* v. *Lewerenz,* 75 Conn. 319; *Pool* v. *Breese,* 114 Ill. 594; *Hunt* v. *Haven,* 52 N. H. 162. There are no other points which, in our opinion, require discussion.

Judgment affirmed.

GRANT, C. J., and HOOKER, MOORE, and McALVAY. JJ., concurred.