GORHAM *v.* JOHNSON.

1. CERTIORARI — APPEAL AND ERROR — FINDINGS OF CIRCUIT JUDGE.

The findings of fact made by the circuit judge on certiorari, to review the action of a highway commissioner in laying out a highway, are disregarded on a review in the Supreme Court, the return of the commissioner to the writ being conclusive of the facts.

2. HIGHWAYS—CERTIORARI—ESTABLISHMENT.

The report of a highway commissioner establishing a highway is not deficient for failing to give the date of receiving the petition filed therefor, if the dates sufficiently appear from the petition itself and the notice served. 2 Comp. Laws, § 4036 *et seq.*

3. SAME—NOTICE OF PROCEEDINGS.

A notice to landowners interested, of proceedings to lay out a highway, is sufficient although it omits to describe the same as a public highway, if no one was misled.

4. SAME—SERVICE.

Where all the land to be taken belonged to persons residing on the property, and notice was personally served on appellant, it was unnecessary to post the notices required by 2 Comp.

Laws, § 4038; and the return to the writ of certiorari containing a proof of personal service within the proper time, complies with the requirement of the statute.

5. SAME—DETERMINATION.
   The meeting for a determination of the question of necessity meets the requirements although no minutes were taken, no report of the discussion was made, and the return did not expressly state that the commissioner ascertained and determined the necessity and damages, where it appears that the commissioner proceeded thereupon to determine the question of necessity and the amount of compensation.

6. SAME—STATUTES.
   The signature of the highway commissioner to the record and return containing the map and survey is a signature of the map and survey within 2 Comp. Laws, § 4041.

7. SAME—CLERICAL ERRORS,
   The clerical error of omitting the word "feet" in the description, corrected by the survey and other papers, is not fatal.

Case made from Kent; Perkins, J. Submitted May 4, 1909. (Docket No. 85.) Decided July 6, 1909.

Certiorari by George W. Gorham to review the action of Thomas C. Johnson, highway commissioner, in laying out a highway. A judgment for defendant is reviewed by plaintiff on a case made. Affirmed.

*William B. Brown*, for appellant.

*Smedley & Corwin*, for appellee.

HOOKER, J. The plaintiff in error, an owner of premises sought to be taken for a highway, took the proceedings of the commissioner to the circuit court by certiorari, and was defeated. The cause is before us on case made, containing the affidavit for certiorari, the return to the writ by the commissioner—which includes a certified copy of this record and return to the town clerk—and statement of the commissioner's doings in the matter, and a finding of fact and law by the circuit judge. We are

asked to reverse the judgment of the circuit judge upon 20 assignments of error to the findings of the circuit judge. In dealing with this case we must disregard the finding of fact, and dispose of it on the return, which must be taken as true. There are 14 allegations of error in the affidavit for certiorari. Most of these are technical in their nature, and are predicated on the record and return, which counsel claims fails to show compliance with the requirements of the statute in essential particulars.

1. Petition. The petition is included in the report. It seems to be regular in form and substance. It is urged that the report fails to show when it was received by the commissioner, but we think that it sufficiently appears from its own date and the recitals and date of the notice which accompany the record and return, together with the record and return itself.

2. Notice. The notice is criticised on several grounds: (*a*) That it did not state that the application was to lay out a public highway; (*b*) that the record and return fails to show that the notice was posted in any public place in the township; (*c*) that the record and return does not show that proof of service was made, and was before the commissioner at the time his action was taken. Plaintiff's affidavit shows and it is a fact, shown by the record and return, that the application prayed the establishment of a "public highway." Section 4038, 2 Comp. Laws, requires service of notice of the application, and we are of the opinion that the omission of the word "public" was not fatal in the case. It was personally served, and there is no claim that plaintiff did not know the object of the application. The return to the writ shows a subsequent talk with the commissioner, and a refusal to attend the meeting by the plaintiff. The notice could apply to no other than a public way, for highways are public ways as contradistinguished from private ways. It affirmatively appears that it was unnecessary to post any copies of this notice. See 2 Comp. Laws, § 4038. The record and return contains a copy of the notice dated

February 4th, and proof by the affidavit of the commissioner, sworn to on February 10th, that it was properly served on February 4th. It does not state these facts, but by making them a part of the record and return, the same sufficiently appears.

3. Meeting. It is contended that the record and return does not show that the commissioner held a meeting at the time and place appointed. Of this it is enough to say that plaintiff's own affidavit states that he did, and the record and return states that he did. If it were true that this omitted to so state, the affidavit shows it, and it is apparent that there is no injury to the plaintiff through want of an opportunity to be heard.

4. Proceedings at meeting. The record and return does not state what took place at the meeting prior to the commissioner's proceeding to view the premises. The affidavit for certiorari and the return to the writ do, however; the former stating that the "commissioner and others were there assembled," and that "there was talk and discussion between them regarding the laying out of the proposed highway," after which "they dispersed." We are not cited to a statute requiring more, or providing that any minutes of what was said, or report of the discussion, should be made. Neither was there any way of compelling those assembled to accompany the commissioner to view the premises; and, as the plaintiff refused to attend, and Holt was willing to have the highway established, and land of no other person was required, there was no inducement for others to go. It does not appear that any adjournment was asked or necessary. The record and return indicates that the commissioner immediately proceeded to view the premises, and that on or before the next day he determined that the said highway (*i. e.*, a public highway, as set up in the application) was necessary, and that it be thereby laid out. The same appears affirmatively from the return to the writ.

Record and return. The commissioner filed his record and return on the 18th day of February, and it is dated

on that day. The law required that it be filed within five days. Counsel argue, from the fact that it bears date February 18th, that we must assume that the determination was not made on the 17th. We are of the opinion that such is not a necessary inference, and, moreover, that the proceedings were not rendered invalid, if he did not make such determination on the 17th, under the facts appearing in this record. The return to the writ shows that he did. After meeting at the regular time and place, and discussing the subject with all who cared to be heard, the commissioner proceeded to view the premises, and determined the necessity, the land required, appraised the same, fixing the damages, and established the highway, filing his report the next day. He did not state expressly in his minutes that he "ascertained and determined" these things, but it sufficiently appears that he did so. It is said that the map and survey were not signed by the commissioner. The signature to the record and return was all that was required; and, although the report does not mention these documents, they were a part of the return, and were filed and recorded with the same, and all should be treated as signed by the commissioner, within the meaning of the statute (2 Comp. Laws, § 4041). See *Page* v. *Boehmer*, 154 Mich. 693 (118 N. W. 602).

It is claimed that the record and return fails to show that the damages were assessed at the value of the land taken for farming purposes; that it does not show that the highway was not paralleled within a half mile by a pre-existing highway; that it contains a defective description, in that the word "feet" is omitted after the figures "300;" and that it affirmatively shows the award of excessive damages. The return of the commissioner to the writ of certiorari shows that the damages were based upon the farm value of the land taken, that the road was not laid out parallel to another highway within a half mile, and that the damages awarded were $101, but that by arrangement $1 was receipted for by Holt, who claimed no damage, and that the sum appro-

priated was only $100.    This return must be taken as true. The provision of section 4041 as to value was changed by Act No. 142, Pub. Acts 1901, and there is therefore no importance to the question of a parallel road.    There was an error in the description in one part of the record and return, but it is clearly clerical, and is corrected by the survey and other papers.

We find no substantial error in the proceedings, and the proceedings of the commissioner are affirmed, with costs.

BLAIR, C. J., and MONTGOMERY, McALVAY, and BROOKE, JJ., concurred.