### HOAG *v.* BOEHMER.

HIGHWAYS—REMOVAL OF OBSTRUCTIONS—NOTICE—STATUTES.
Where proceedings for laying out a highway were regular, and a notice was duly served by the highway commissioner, after April 1st, to remove a fence in the highway, within thirty days, the notice was sufficient and a substantial compliance with the statute requiring a notice of not less than sixty days, and providing that the removal shall not be required between April 1st and November 1st, the commissioner having taken no action until after November 1st.

Error to Calhoun; North, J.    Submitted June 20, 1910.
(Docket No. 115.)    Decided July 14, 1910.

Trespass *quare clausum fregit* by William Hoag
against Hugh Boehmer and others.    A judgment for de-
fendants on a verdict directed by the court is reviewed by
plaintiff on writ of error.    Affirmed.

*Winsor & Miller,* for appellant.

*Jesse M. Hatch,* for appellees.

STONE, J.    This is an action of trespass *quare clau-
sum fregit* to recover for removing a certain fence in the
township of Lee, Calhoun county.    The defendants sought
to justify under the claimed statutory authority of the de-
fendant Stultz, a commissioner of highways, to remove
the fence as an obstruction of a public highway.

The proceedings, in laying out this road, by said officer,
were conceded to be regular, and that question was set-
tled by the recent case of *Page* v. *Boehmer,* 154 Mich.
693 (118 N. W. 602).    It is also conceded that the fence
taken down here covered 240 rods, between lands owned
by Page and the plaintiff.

The only question raised upon this record is whether
proper notice to remove this fence was given, or waived.
The circuit judge held that such notice was given, and
directed a verdict for defendants.    The plaintiff brings
error.    The plaintiff admits that he received a notice, in
fact, the same notice that was served on Page in the
former case.

The order and notice served on plaintiff April 12, 1907,
were as follows:

"COUNTY OF CALHOUN,
  "Township of Lee.
  "The undersigned commissioner of highways of the
township of Lee, county of Calhoun, having ascertained
that the public highway in said township, running east
and west between sections twenty-one (21) and twenty-
eight (28) is encroached upon the east, and where said

highway intersects highway running north and south upon the north side thereof along the lands in the occupation of Jim Page, or L. A. Page, by a barn or building and a fence erected by the present or former occupant of the same, and having ascertained the within bounds or limits thereof to be upon and according to the following line beginning at a highway running north and south, and running west between sections twenty-one (21) and twenty-eight (28), and having ascertained that all that narrow strip or piece of land which lies under said obstruction or all that strip of highway is a part of said highway, it is therefore ordered by said commissioner of highways that said obstruction be removed, so that the said highway shall be open and unobstructed and of the width originally intended, which was 4 rods.

"Given under my hand this 12th day of April, 1907.

"FRANK STULTZ,
"Commissioner of highways, Lee."

Notice (copy served April 12, 1907):

"To Mr. _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _:
"Take notice that an order, a copy of which is herewith served upon you, has been made by me, and you are required according to the statute in such case made and provided, to remove the obstruction therein mentioned within 30 days after service upon you of a copy of said order.

"Dated this 12th day of April, 1907.

"FRANK STULTZ,
"Commissioner of highways, Lee township."

It appears, therefore, that the plaintiff had notice on April 12, 1907, of the intention of the commissioner to open the road for public travel, yet no action was taken by that officer to remove the fence until November 11, 1907.

The statute, section 4059, 2 Comp. Laws, which authorized a notice, does not give the form of notice. It provides that whenever compensation for any damages that may have been awarded, shall have been paid, or tendered to the person entitled thereto, pursuant to the statute, the commissioner may give notice to the owner or occupant, and require him, within such time as he shall deem rea-

sonable, not less than 60 days after giving such notice, and after the time when it shall have been determined to open such highway, to remove his fence or fences, and in case such owner or occupant shall neglect or refuse to remove the same within the time specified in such notice, the commissioner or other proper officer shall have full power, and it shall be their duty, to enter upon the premises and remove such fence or fences, and open such highway without delay, *except* that in townships such removal shall not be required between the 1st day of April and the 1st day of November.

It appeared that the plaintiff was supervisor, and signed the petition for the road; that he at that time owned adjacent land, and received $30 damages or compensation for the same and took it; and that his grantor of the premises in question was allowed $50, which he accepted.

The principal claim of the plaintiff is that the notice served was insufficient, in that the order and notice could not run between the 1st day of April and the 1st day of November, and that they were wholly void, for the reason that they required him to remove such fence between those times. The plaintiff quotes from, and relies upon, *Kellar* v. *Earl*, 98 Wis. 488 (74 N. W. 364), and the cases there cited, which, in construing a similar statute, seem to support his position.

It will be noticed, also, that the notice in this case required the obstruction to be removed within 30 days after service, instead of 60 days after giving such notice, as required by the statute. In this case the fence was not removed until about seven months after the notice was given. The notice was sufficient to inform the plaintiff that the highway commissioner desired the road opened, and the plaintiff had ample time to remove his fence before the commissioner, with the other defendants, proceeded to open it.

The fact that the notice was for removal within 30 days would make no difference, if the commissioner waited a sufficient length of time after giving the notice before he

removed the fence, as he did in this case. We think that the same rule should govern in this case as in a notice to quit, given by a landlord to his tenant.

This court has held that a notice to quit in 14 days is as good as a three months' notice, if no proceedings were instituted until the end of the three months. *Chamberlin* v. *Brown*, 2 Doug. (Mich.) 120, note; *Hart* v. *Lindley*, 50 Mich. 20 (14 N. W. 682); *Shaw* v. *Hoffman*, 25 Mich. 163; *Hogsett* v. *Ellis*, 17 Mich. 366. We can see no distinction in principle here. We therefore are not inclined to follow the Wisconsin rule, but to adhere to our own, which has been the law of the State for more than 60 years.

We are of the opinion that the trial judge reached the correct conclusion, and the judgment below is affirmed.

BIRD, C. J., and OSTRANDER, HOOKER, and BLAIR, JJ., concurred.