# CARMODY v. SIMPSON-SULLIVAN COMPANY.

PLEADING; FORMER ADJUDICATION; JUDGMENT; ESTOPPEL; AFFIDAVITS; EQUITY; REAL ESTATE; EVIDENCE.

1. In the Federal courts a party may take advantage of a prior adjudication either by special plea or by offering the record of that adjudication in evidence.

2. While a judgment recovered on the merits constitutes an absolute bar to a subsequent action upon the same claim or demand between the same parties or their privies, if the second action is on a different claim or demand, although between the same parties, the judgment in the prior action operates only as an estoppel as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered.

3. Affidavits in support of a declaration and of defense form no part of the pleadings (following *Booth* v. *Arnold*, 27 App. D. C. 287), and cannot be considered in determining whether the adjudication in the action operates as an estoppel in a subsequent action between the same parties.

4. In an action of fraud against a real estate agent, a corporation, and its president, to recover alleged secret profits made by it in a transaction in which it acted for the plaintiff, and also the commission paid by the plaintiff, the record in an unsuccessful prior action by the president of the corporation against the plaintiff to recover the commission is inadmissible where such record contains none of the evidence offered in that action, but merely the pleadings, verdict, and judgment.

No. 2774. Submitted April 28, 1915. Decided May 24, 1915. Rehearing denied October 9, 1915.

HEARING on an appeal by the plaintiff from a judgment of the Supreme Court of the District of Columbia, on verdict, in an action against a real estate agent to recover alleged secret profits made, and a commission received by the agent in a real estate transaction.                                *Affirmed.*

The COURT in the opinion stated the facts as follows:

Appeal from a judgment upon verdict for the defendants the Simpson-Sullivan Company, Incorporated, and Charles W. Simpson, appellees, here, in the supreme court of the District.

In the first count of his amended declaration appellant claims $3,300 by the common counts. The averments of the second count are substantially as follows: On December 31, 1910, the Simpson-Sullivan Company entered into a contract with the appellant, whereby it agreed to purchase for him certain property for the sum of $9,000, "in consideration of a commission of $900, which commission was also to include the procuring of a loan of $30,000, the proceeds of which were to be used in the erection of six houses" by the appellant on the property covered by the contract. The company represented that this property could not be bought for less than $9,000, and the appellant relied upon that representation when he executed the contract. Later, appellant discovered that, instead of the property costing $9,000, it cost $6,200, and claims that he was defrauded to the extent of the difference, and also in the sum of $500, which he paid on account of the commission agreed upon. The appellee Charles W. Simpson was at the time president of the company, and both as such president and individually actively participated in the alleged fraud. The contract is attached to and made a part of the declaration. This contract evidences the receipt of a deposit for the purchase of the property in question, "sold to him (appellant) for the sum of nine thousand dollars ($9,000)." In the next paragraph it is set forth that the Simpson-Sullivan Company agree to loan appellant $5,000 on each lot for the purpose of erecting dwellings according to specified plans, *"for which loan* the said Carmody is to pay the Simpson-Sullivan

Company a brokerage of nine hundred ($900) dollars, said Simpson-Sullivan Company agreeing out of the before-mentioned loans to pay for the land and pay the residue to said Carmody as the buildings progress," the commission to be paid in cash.

At the trial appellant testified that a salesman of the Simpson-Sullivan Company brought to his attention the property in question, and for his principal offered it to appellant for $9,000, saying that it could not be bought for less, "and it was thereupon agreed in September, 1910, that the plaintiff would pay $9,000 to the Simpson-Sullivan Company for the ground, provided, as a part of the transaction, the Simpson-Sullivan Company would negotiate a loan for thirty thousand ($30,000) dollars, with which to put up six houses on said ground." Other evidence was introduced tending to show that the property cost the Simpson-Sullivan Company less than $9,000. In cross-examination appellant testified "that he only agreed to pay the Simpson-Sullivan Company a commission on the loan, that they were to get their commission for the sale of the property from the vendor;" that he understood that the Simpson-Sullivan Company were his agents as well as the agents of the sellers of the property. Before resting, appellant's counsel made the following statement:

"If the court please I desire to offer in evidence the record on the law side of this court, No. 54,130, in the case of Charles W. Simpson against the plaintiff in this cause. That suit, if the court please, involved the collection of a note of $400 against the plaintiff here, the defendant in that suit, which represented the balance due as indicated by that note, by Charles W. Simpson, to whom the note was payable personally, the balance of the $900 that he was to pay by way of brokerage commission for closing out the transaction that is here involved. We want to offer the entire record showing the verdict and the entries showing the final disposition of that suit."

Counsel for the appellee objected to the admission of this record on the ground that it referred to a different transaction between different parties. The objection was sustained.

The appellee Simpson in his testimony stated that the appellant still owed him $400. On cross-examination he testified that

this $400 represented the balance on the $900 commission to be paid the Simpson-Sullivan Company under the written contract for negotiating the loan. ·Counsel for the appellant then renewed his offer of the record in the prior proceeding for the purpose of impeaching the credibility of the witness, but the court declined to receive it. During a colloquy that followed, counsel for appellant directed attention to the statement of the witness that appellant still owed him $400. To this the court replied: "I think the situation is simply that the witness was mistaken when he said that, as a matter of fact."

Thereupon the court charged the jury that if the appellees were the agents of the appellant, and represented to him that the property could not be bought for less than $9,000, when as a matter of fact they had bought it for a less figure either directly or indirectly, then they would be held by law to be responsible for any profit they made growing out of the transaction. To the court's charge no exception was taken, and, as previously noted, the jury returned a verdict for the appellees.

*Mr. E. Hilton Jackson* and *Mr. F. C. Handy* for the appellant.

*Mr. Michael J. Colbert* for the appellees.

Mr. Justice Robb delivered the opinion of the Court:

It is familiar doctrine that a right, question, or fact distinctly put in issue and determined by a court of competent jurisdiction as a ground of recovery cannot be questioned in a subsequent suit between the same parties or their privies, and that even if the second suit is for a different cause of action the right, question, or fact once so determined, as between the same parties or their privies, must be taken as conclusively established while the judgment in the first suit stands. *Southern P. R. Co.* v. *United States,* 168 U. S. 1, 42 L. ed. 355, 18 Sup. Ct. Rep. 18;

*Nalle* v. *Oyster,* 230 U. S. 165, 57 L. ed. 1439, 33 Sup. Ct. Rep. 1043. And under the rule obtaining in the Federal courts a party may take advantage of a prior adjudication either by special plea or by offering the record of that adjudication in evidence. *Southern P. R. Co.* v. *United States,* 168 U. S. 1, 59, 42 L. ed. 355, 380, 18 Sup. Ct. Rep. 18. But there is a difference between the effect of a judgment as a bar or estoppel against the prosecution of a second action upon the same claim or demand and its effect as an estoppel in an action between the same parties upon a different claim or demand. In the former, a judgment rendered upon the merits constitutes an absolute bar to a subsequent action. "But where the second action between the same parties is upon a different claim or demand the judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered." *Cromwell* v. *Sac County,* 94 U. S. 351, 353, 24 L. ed. 195, 198. Thus in *Washington, A. & G. Steam Packet Co.* v. *Sickles,* 24 How. 333, 16 L. ed. 650, the action was brought upon a special parol contract for the use of Sickles' patented device for saving fuel in the working of steam engines, which device was to be attached to the engine of the defendants' boat, payments therefor to be made from time to time when demanded. To ascertain the saving of fuel an experiment was to be made in a certain manner, and the result taken as a rate of saving during the life of the contract. The declaration averred that the experiment had been made and that the device had been used until the commencement of the suit. In a prior action against the same defendant for an instalment due, where the declaration set forth the same contract in two counts, the first of which was the same as in the second action and also the common counts, a verdict and judgment was obtained. In the second suit it was insisted that the defendant was estopped by the verdict and judgment produced from proving that there was no such contract as that declared upon, or that no saving of fuel had been obtained, or that the experiment had not been made pursuant to the con-

tract, or that the verdict was rendered upon all the issues, and not upon the first count specially. The court said: "The record produced by the plaintiffs showed that the first suit was brought apparently upon the same contract as the second, and that the existence and validity of that contract might have been litigated. But the verdict might have been rendered upon the entire declaration, and without special reference to the first count. * * * It may have been that there was no contest in reference to the fairness of the experiment, or to its sufficiency to ascertain the premium to be paid for the use of the machine at the first trial, or it may have been that the plaintiffs abandoned their special counts and recovered their verdict upon the general counts."

The record offered in the present case consisted of a declaration upon a promissory note for $400, payable to Charles W. Simpson and signed by the appellant. To this declaration the defendant, appellee here, pleaded the general issue, and the verdict and judgment was for him. The record does not purport to contain the evidence which was before the jury, nor was there any offer to prove the question or questions submitted and passed upon. The record does contain an affidavit of merit by the plaintiff in the action and an affidavit of defense, but these form no part of the pleadings and serve no useful purpose here. *Booth* v. *Arnold,* 27 App. D. C. 287. It therefore is impossible to determine, from the record as offered, what points were in issue and determined by the jury. For this reason the court properly declined to receive the record, even as against the defendant Simpson, for if it was evidence at all it was conclusive as to the points in issue and determined. *Southern P. R. Co.* v. *United States,* 168 U. S. 1, 42 L. ed. 355, 18 Sup. Ct. Rep. 18; *Aurora* v. *West,* 7 Wall. 82, 19 L. ed. 42; *Richardson* v. *Boston,* 19 How. 263, 15 L. ed. 639.

The jury could not help understanding from what took place that Simpson, in stating that appellant still owed him $400, ignored the finding of the jury in the first case; in other words, that he was unreconciled to the judgment in that case. The court characterized his statement as a mistake of fact in the

presence of the jury, which was quite sufficient inasmuch as that was not in issue in the case on trial.

The judgment is affirmed, with costs.              *Affirmed.*

A petition by the appellant for a rehearing was denied October 9, 1915.